BROOKS *against* BALL.

IN ERROR, to the Court of Common Pleas of *Orange* county. *Ball* brought an action of assumpsit against *Brooks*, in the Court below. The declaration contained a special count, stating that the plaintiff claimed of the defendant the sum of one hundred dollars, which the defendant denied that he owed to the plaintiff, but promised that if the plaintiff would make oath to the correctness of his claim, he the defendant would pay the amount thereof; and averred, that the plaintiff did make oath to the truth and correctness of his claim, but that the defendant, notwithstanding his promise, refused to pay the one hundred dollars, &c. The de-

Where the plaintiff claimed a sum of money of the defendant who denied it, but promised that if the plaintiff would swear to the correctness of the claim, he would pay it, and the plaintiff made affidavit accordingly: Held, that this was a valid promise; and that in an action to recover the amount sworn to, it was not competent to the defendant to prove that the plaintiff had sworn falsely, or that he was mistaken in his affidavit.

UTICA,
October, 1820.

BROOKS
v.
ALL.

claration also contained the common money counts. The defendant pleaded the general issue.

After the plaintiff's counsel had stated his case, the defendant's counsel insisted that, admitting the facts stated to be proved, they were not sufficient to support the action ; because, the promise of the defendant was without consideration and void ; and the plaintiff could not lawfully support his claim on his own affidavit. He, therefore, moved that the plaintiff should be nonsuited ; but the objection was overruled by the Court. The plaintiff then went into the evidence in support of his case. It was proved, that the defendant made the promise alleged ; that the plaintiff had made the affidavit and demanded payment of the one hundred dollars ; and that the defendant had admitted his liability to pay the money, and intended to pay, but was advised to the contrary.

The defendant's counsel then offered to prove, that the plaintiff, in his affidavit, had sworn falsely, or was grossly mistaken. This evidence was objected to, and overruled by the Court. And the counsel for the defendant tendered a bill of exceptions. The jury, under the direction of the Court, found a verdict for the plaintiff, for 110 dollars and 50 cents.

*Wisner*, for the plaintiff in error. This case is distinguishable from the cases which are to be found in the books. They will be found to be cases where the defendant promised to pay a precedent debt, if the plaintiff would prove it by a third person. Here the debt was to be created by the promise to pay, on the oath of the plaintiff himself. It is against the fundamental principle of law, that a party should be a judge in his own cause, or give evidence in his own favour.

If such a promise can be a foundation for an action, it is, at most, *prima facie* evidence, and may be rebutted by showing that the plaintiff swore falsely, or was mistaken. (2 *Comyn on Contracts*, 449. 450.)

*Betts*, contra. In *Knight* v. *Rushwood*, (*Cro. Eliz.* 469.) the defendant promised, that if the plaintiff and two wit-

nesses would depose before the Mayor of *Lincoln*, as to a bond of a third person, the defendant would pay it. *Bretton* v. *Prettiman*, (*T. Raym.* 153) is precisely in point to show that this action may be maintained. The defendant promised that in consideration that the plaintiff would take an oath that money was due to him, he would pay it; and the plaintiff took an oath before a master in chancery, and brought assumpsit for the money, and recovered. (*S. C.* 1 *Sid.* 283. 2 *Keble*, 44.) In *Stevens* v. *Thacker*, (*Peake's N. P. Cases*, 187, 188.) the holder of a bill of exchange promised not to sue the acceptor, if he would make affidavit that the acceptance was a forgery. The affidavit was drawn, but the defendant did not swear to it. Lord *Kenyon* said, that if the defendant had sworn to the affidavit, he should have held that he had discharged himself from the action, though the affidavit had been false. (1 *Mod.* 166. *Lloyd* v. *Willan.* 1 *Esp. N. P. Cases*, 178, 179. *Delesline* v. *Greenland*, 1 *Bay's S. C. Rep.* 458. *S. P.*) One promise is a sufficient consideration for another promise. (8 *Johns. Rep.* 306.)

SPENCER, Ch. J. delivered the opinion of the Court. The principal question presented by this case is, whether a promise to pay a sum claimed to be due by one party and denied by the other, if the party claiming would swear to the correctness of the claim, and he does so swear, is a valid promise? Another question was made on the trial, whether it was competent to the defendant below to prove that the plaintiff below, either swore falsely or was grossly mistaken in the affidavit which he made?

It has been frequently decided, that a promise to pay money, in consideration that the plaintiff would take an oath that it was due, was a valid and binding promise. Thus in *Bretton* v. *Prettiman*, (*Sir T. Raym.* 153.) the plaintiff declared that the defendant promised, in consideration that the plaintiff would take an oath that money was due to him, he would pay him, and the plaintiff averred that he swore before a master in chancery. On demurrer, it was adjudged for the plaintiff, and, as the reporter states, because it was not such an oath for which he may be indicted. In *Anin & Andrews*, (1 *Mod.* 166) there was a promise to pay, if the plain-

tiff would bring two witnesses before a justice of the peace, who should depose that the defendant's father was indebted to the plaintiff; and two judges against one, thought it not a prophane oath, because it tended to the determining a controversy, and the plaintiff had judgment. This case occurred before the statute of frauds; the promise would now be holden to be void, unless in writing, it being to pay the debt of a third person. The case of *Bretton* v *Prettiman*, is differently stated in 1 *Sid.* 283. and 2 *Keb.* 26. 44. It is there stated to be a promise to pay, if the plaintiff would procure a third person to make oath that the money was due. But this makes no difference in principle, for, in either case, the oath was extra-judicial.

In *Stevens and others* v. *Thacker*, (*Peake's N. P Rep.* 187.) the defendant was sued as the acceptor of a bill, and alleged it to be a forgery, and offered to make affidavit that he never had accepted it. The plaintiff agreed not to sue the defendant, if he would make the affidavit. The affidavit was drawn, but not sworn to. Lord *Kenyon* said, that had the defendant sworn to the affidavit, he should have held, that he had discharged himself, though the affidavit had been false; for the plaintiffs, who had agreed to accept that affidavit, as evidence of the fact, should not, after having induced the defendant to commit the crime of perjury, maintain an action on the bill. In *Lloyd & Willan*, (1 *Esp. Rep.* 178.) the defendant's attorney proposed to the plaintiff's attorney, that the defendant should pay the demand, if the plaintiff's porter would make an affidavit, that he had delivered the goods in question to the defendant. The affidavit was made; and Lord *Kenyon* held it to be conclusive, and that the defendant was precluded from going into any defence in the case.

These cases, which stand uncontradicted, abundantly show that such a promise as the pressent, is good in point of law; and that the making the proof or affidavit, whether by a third person or by the party himself, is a sufficient consideration for the promise. It is not making a man a judge in his own cause; but it is referring a disputed fact to the conscience of the party. It is begging the question to suppose that it will lead to perjury. If the promise is bind-

ing, because the making the proof or affidavit is a conside- **UTICA,**
ration for it, the defendant must necessarily be precluded October, 1820.
from gainsaying the fact. (*a*) He voluntarily waives all BANK OF
other proof; and to allow him to draw in question the veri- UTICA
ty or correctness of the proof or affidavit, would be allowing MAGHER.
him to alter the conditions of his engagement, and virtually,
to rescind his promise.

Judgment affirmed.

(*a*) Such is the principle of the civil law, as to the effect of the *decisory* oath, (*le serment decisoire*) as the *French* lawyers term it, or the *oath of verity,* as it is called in the *Scotch* law. The *Digest* contains many just rules and distinctions as to the cases in which the oath may be deferred. It is considered as an agreement or contract between the parties, (*transactio,*) and as of greater force even than a judgment, (*res judicata.*) It might be deferred in regard to all matters of civil controversy, and in any stage of a cause; but it could be deferred to a party, in respect only to his own *personal* acts. When taken, it constituted the *presumptio juris et de jure,* which precluded all proof to the contrary. The party became entitled to judgment in his favour, or to be for ever discharged from the cause of action. Either party might defer the oath to the other. If the party to whom the oath was deferred, refused to take it, or to refer it back to the other, he lost his cause; if the one to whom the oath was referred back, took it, what he swore to was deemed conclusively proved. "Cum res jusjurandum demissa sit, judex ab‑ solvit: referentem audiet, et si actor juret, condemnet reum: nolentem jurare reum, si solvat, absolvit: non solventem condemnat: ex relatione, jurante actore, absolvit reum." (*Dig. lib.* 12. *tit.* 2. *l.* 34. *Poth. Trait. des Oblig. Part* 4. *ch.* 3. *s.* 4. *No.* 912, 913, 914. *Ersk. Inst.* 779. *Book* 4. *tit.* 2. *s.* 8, 9.)