## Smith *vs.* Weed.

The release of a *lien* obtained by the suing out of an attachment, is a good considera-
tion for the promise of a third person to pay the debt of the party proceeded
against by such process.

The powers of a justice to issue an *attachment* as conferred by the Revised Statutes,
are not abridged by the act to abolish imprisonment ; on the contrary, they are
enlarged and extended to new cases; differing however from the Revised Statutes
as to the amount of indebtedness. The only operation of the act of 1831 on the
Revised Statutes, is to dispense with the affidavit of *witnesses* as to the preliminary
proof, and to declare the affidavit of the *plaintiff* sufficient to authorize the issuing
of the process.

This was an action of *assumpsit*, tried at the Herkimer circuit
in May, 1837, before the Hon. John Willard, one of the cir-
cuit judges.

The plaintiff having sued out an *attachment*, issued by a justice
of the peace of the county of Montgomery, against the goods
and chattels of one *John S. Joslin*, by virtue of whice a *levy*
was made upon a quantity of *quarried stone* as the property of
Joslin, the defendant promised that *if* the stone was the property
of Joslin, and the plaintiff would discharge his *lien* upon the
same and discontinue further proceedings upon the attachment,
he would pay the *debt* due to him from Joslin. The amount of
Joslin's indebtedness to the plaintiff, was $131, and the stone was
proved to be his property. The plaintiff alleged on the declar-
ation, that the attachment was sued out under the statute entitled
" Of courts held by justices of the peace." 2 *R. S.* 224. The
justice who issued the attachment testified that the *application*
for the process, the *affidavit* of the applicant, and the *attachment*
were lost, but that the process was issued upon the *affidavit* of
the plaintiff *alone*, and the ground of the application was, that
Joslin had *departed from the county* where he last resided, *with
intent to defraud his creditors*. He further stated that a bond
was given with approved sureties, and produced the same, which
was in the form prescribed by the Revised Statutes. A *copy* of
the attachment tested on the *tenth*, and returnable on the *nine-
teenth* day of August, 1835, was read in evidence. The defend-

Smith *v.* Weed.

ant moved for a *non-suit* on the ground of variance between the declaration and proof : that in the declaration, it was alleged that the attachment was issued under the provisions of the *Revised Statutes*, whereas the proof showed that the · process was issued partly under the Revised Statutes, and partly under the *act to abolish imprisonment. Statutes, Sess. of* 1831, *p.* 403, § 33, 34. He also insisted that the attachment was *void*, because, 1st. It could not legally issue for a demand exceeding $50 ; and 2d. The defendant in the attachment being a *non-resident* of Montgomery, not more than *four* days should have intervened between the teste and return of the process ; and that the attachment being void, the promise of the defendant was without consideration, and for that cause, the plaintiff was not entitled to recover. The judge overruled the motion for a non-suit, and charged the jury that the plaintiff was entitled to their verdict for the amount of his debt against Joslin. The jury found accordingly, and the defendant now moves to set aside the verdict.

*C. Tracy*, for the defendant.

*J. A. Spencer*, for the plaintiff.

*By the Court*, NELSON, Ch. J. The attachment appears to have been regularly issued under the provisions of 2 *R. S.* 230 § 26, *et seq.* as amended in respect to the preliminary proof by the act of 1831, to abolish imprisonment for debt, *Statutes, Sess. of* 1831, *p.* 404, § 35, for a sum not exceeding $100, upon the ground that the defendant in that process (Joslin) had absconded from the county with the intent to defraud his creditors. The authority given to a justice by the Revised Statutes to issue an attachment, was not abridged by the 34th section of the act of 1831, but on the contrary was extended to other cases, viz. the fraudulent *removal, assignment* or *secretion* of property, limiting however, the amount in those cases to *fifty dollars*. The Revised Statutes are left untouched except in respect to the affidavit of he facts and circumstances on which the application is made,

which by the 35th section may now be made by the plaintiff himself, instead of being made by two disinterested witnesses.

The judge was clearly right in ruling that the stone attached belonged to *Joslin,* the defendant in the process; that the lien was valid, and that the release thereof constituted a good consideration for the undertaking of the defendant to pay the debt due to the plaintiff. 5 *Taunt.* 450. 2 *East,* 332. 4 *Taunt.* 117. 2 *Saund. on Pl. & Ev.* 547. Whether the agreement was intended to embrace the whole demand due, $131, or only $100, the extent of the lien, is matter of construction. The judge at the circuit took the former view of it from the language used by the witnesses, and I am inclined to think he was correct. The testimony of one of the witnesses is, that the defendant promised to pay the *debt of Joslin,* if the plaintiff would release the attachment; this may fairly include the whole, as the amount of the debt must have been well known at the time.

New trial denied.