By the Court,

Nelson, Ch. J.
It is provided by statute, (2 R. S. 315, § 23, 2d ed.) that the officer settling the interrogatories shall annex them to the commission, and that “ upon the commission, he shall direct the manner in which it shall be returned,” &c. When annexed, the interrogatories form a part of the commission; for they are essential to the execution and return, and without them the commission would be entirely useless. The direction, in this case, therefore, was fairly within the sense and meaning of the statute. The term commission, in the connection in which it is used in that part of the section above quoted, and in the general sense of the statute, includes both the commission and interrogatories.
The affidavit was properly received in connection with the defendant’s agreement, as evidence of his own view of the justice of the plaintiff’s claim. Taking the whole together, it amounted to an admission that the plaintiff was entitled to recover the value of the goods sworn to. Indeed, if the plaintiff had discontinued this suit and commenced an action of assumpsit predicated upon this promise, the affidavit would have afforded a valid and binding consideration, according to the case of Brooks v. Ball, (18 John. Rep. 337;) and if this be so, surely it was properly received in evidence to show the extent of the defendant’s conceded liability— a matter directly involved in the action as laid. The affidavit fixed the amount which the defendant had agreed to pay, and was therefore pertinent and material upon the measure of damages by which the jury were to be governed in *504 determining the sum which the plaintiff was entitled to recover. The verdict was clearly right, and the judgment of the court below should be affirmed.
Judgment affirmed.