Soulard v. Peck.

----•----

HENRY G. SOULARD, Respondent, *v.* JOHN W. PECK, Appellant.

1. *Practice, civil — Actions — Money paid —* Ignorantia legis.—Where a lessee agreed to pay to the lessor at a future day named, the amount of a certain sewer tax-bill on condition that the latter would pay it in the first instance, the lessee would be liable to the lessor for the amount in an action for money paid, although before suit was brought the bill proved to have been illegal and uncollectable.

*Appeal from St. Louis Circuit Court.*

*H. A. Clover*, for appellant.

*Bakewell & Farish*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

Plaintiff leased to defendant and his partner certain premises in the city of St. Louis, and by the terms of the lease it was mutually covenanted that the lessor should pay, within the time they might be made payable by the proper authorities, all taxes and assessments of every description, general or special, assessed, rated or imposed by city, county or State, against the premises during the term, and that the lessees should pay to the lessor, in addition to the rent reserved in the lease, all such taxes or assessments upon demand and presentment by the lessor of the receipt by the proper collector. During the continuance of the lease a sewer was constructed by the city authorities, which was supposed

to be a special charge on the premises, and while it was being built the plaintiff observed it and requested the defendant to pay the assessment. Defendant said he was pressed for money, and he would pay the amount to plaintiff in the spring, and it was then agreed that plaintiff should pay the money and wait until spring for the repayment, and charge defendant no interest. The bill was presented for payment to the defendant, who occupied the premises, and he wrote upon it the following order: "Mr. H. G. Soulard will please pay this bill, sewer tax, $716.20, no interest, as you and me agreed. J. W. Peck." When spring came, plaintiff called on defendant for payment, and he asked for further indulgence, and finally, in July thereafter, repudiated and refused to pay the debt.

The assessment was illegal, as subsequently decided by this court in another case. But at the time the order was given and the money paid, the parties were not aware of that fact. This suit was brought to recover the amount paid by the plaintiff, and upon the trial in the Circuit Court at special term, at the instance of the defendant, the court declared that upon the case made plaintiff could not recover, and refused an instruction offered by the plaintiff, to the effect that if it was found from the evidence that defendant in writing directed plaintiff to pay the special tax-bill on the agreement between plaintiff and defendant, defendant should not be held to pay the same till spring, and should not be chargeable for interest on the advancement, and that thereupon plaintiff paid the bill, a verdict should be found for the plaintiff for the amount of the bill so paid by plaintiff. On the instructions as above there was a verdict and judgment for the defendant, which the court at general term reversed, and remanded the cause for a new trial.

This is one of those border cases in which slight facts will turn it either way. By the terms of the lease it was certainly incumbent on the plaintiff in the first instance to pay the assessment, and it was then the duty of the defendant to immediately repay the same. But it must be conceded and assumed that defendant's obligation extended only to the repayment of legal charges or assessments. When the plaintiff paid the tax-bill upon the writ-

Soulard v. Peck.

ten request of the defendant, both parties labored under a misapprehension as to its validity and binding force.   The question then is, will the written request, taken in connection with this agreement to give further credit, be sufficient to support the action ?   Had the defendant absolutely refused to pay, he could have exonerated himself by litigating the matter and testing the validity of the ordinance.   But he did not do that ; he voluntarily. agreed to make the payment upon the consideration of an extension of the credit and a rebate of the interest.   This was a contract for forbearance, and precluded the plaintiff from proceeding to enforce the collection.   Although the demand might have been defeated by resisting it, yet when the defendant promised to pay it on condition that the plaintiff would do certain things, the performance of the condition by the plaintiff, we think, supported the promise and rendered it binding.

In Brooks v. Ball, 18 Johns. 337, where the plaintiff claimed a sum of money of the defendant, who denied the debt, but promised if the plaintiff would swear to the correctness of the claim he would pay it, and the plaintiff made oath accordingly, it was held that this was a valid promise ; and that, in an action to recover the amount sworn to, it was not competent for the defendant to prove that the plaintiff had sworn falsely, or that he was mistaken in the affidavit.   While the debt might not have existed, and the plaintiff might have been entirely mistaken in regard to it, still he had done what he agreed to, and it was determined that that was sufficient.   The principle in that case is essentially the same as the one in this.

We think, therefore, that the judgment should be affirmed. The other judges concur.