PETER T. HOMER, Executor, etc., Respondent, v. THE GUARDIAN MUTUAL LIFE INSURANCE COMPANY, Appellant.

Defendant insured the life of B., the policy being subject to a forfeiture in case of non-payment of premiums when due. Prior to the time when a semi-annual payment of premium fell due, defendant's president signed an indorsement upon a card giving notice of the day when payment was due, as follows: "Payment extended until October 10, 1874." B. died September 19, 1874. In an action upon the policy, *held*, that the extension estopped the defendant from claiming a forfeiture and continued the policy in full force, subject only to a forfeiture by non-payment at the time to which performance was deferred; that there was no condition expressed or implied in the extension that the insured should be living at the time stated therein, or varying the original contract as a continuous contract of insurance.

Also, *held*, that the assured, by asking and accepting an extension of time and a waiver of the forfeiture, by clear implication agreed to continue the risk and to pay the premium at the day fixed, for which implied promise the extension was a good consideration; that the memorandum was sufficient to enable the court to give effect to the intent of the parties; and that therefore the extension was valid as an agreement based upon mutual promises.

(Argued November 29, 1876; decided December 12, 1876.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming

a judgment in favor of plaintiff's testator, entered upon a decision of the court upon trial without a jury.

This action was upon a policy of life insurance, issued upon the life of William E. Bunker, and by him assigned to plaintiff's testator.

The policy was for the term of the natural life of the insured, and contained a condition forfeiting it and all premiums paid thereon "in case the premium or premiums shall not be paid to said company on or before the time specified for the payment of the same." The premiums were to be paid semi-annually. The insured died September 19, 1874. The defence was that the policy was forfeited by the non-payment of the semi-annual premium due by the terms of the policy, August 26, 1874. Prior to that day a card notifying the insured when the premium fell due had been sent to him by defendant. This was presented to defendant's president, who made and signed the following indorsement thereon: "Payment extended until October 10, 1874." On the day named plaintiff tendered to defendant the amount of said semi-annual premium, which defendant refused to accept.

*Ashbel Green* for the appellant. The indorsement being a simple extension of the option to continue, the policy should, necessarily, have been exercised before the death of the assured. (*Howell* v. *Knick. Ins. Co.*, 44 N. Y., 284, 285 ; *Pritchard* v. *Life As. Soc.*, 3 C. B. [N. S.], 643 ; *Tyler* v. *N. Am. Ins. Co.*, 4 Robt., 151 ; Bliss on L. Ins. [2d ed.], 312–316 ; *Tarleton* v. *Staniforth*, 5 T. R., 695 ; *Simpson* v. *Ins. Co.*, 2 C. B. [N. S.], 257 ; *Want* v. *Blunt*, 12 East, 183 ; *Acey* v. *Fernie*, 7 M. &. W., 151 ; *Phœ. Co.* v. *Sheridan*, 8 H. of L. Cas., 745 ; *Mut. B. Ins. Co.* v. *Ruse*, 8 Ga., 534 ; *Robert* v. *N. E. Mut. Ins. Co.*, 1 Disney, 355 ; *Blanchard* v. *At. Co.*, 33 N. H., 6 ; *Donald* v. *Put. Ins. Co.*, 2 Ins. L. J., 738 ; *Lafavour* v. *Ins. Co.*, 1 Phil., 558 ; *Worthington* v. *C. O. Ins. Co.*, 41 Conn., 372.) The contract, as construed by plaintiff, was void for want of consideration. (1 Pars. on Con., 427 ; *Burnet* v. *Bisco*, 4 J. R., 235 ; *People* v. *Howell*,

id., 296; 1 Saund., 211, n. 2; *Cammeyer* v. *Luth. Churches, etc.,* 2 Sandf. Ch., 275; *M. and B. Plk. R. Co.* v. *Snedeker,* 18 Barb., 317; *Smith* v. *Ware,* 13 J. R., 257.) To excuse the non-payment of the premium prior to the death of the insured, it must be shown that payment was rendered impossible without fault of the insured. (*Cohen* v. *N. Y. Ins. Co.,* 50 N. Y., 610; *Sands* v. *N. Y. Ins. Co.,* id., 926; *Martine* v. *Inter'l Ins. Co.,* 53 id., 339; *N. Y. L. Ins. Co.* v. *Strathom,* 3 Centl. L. J., 723; *Robert* v. *N. E. Ins. Co.,* 1 Disney, 355.)

*Charles E. Miller* for the respondent. No consideration was necessary for an extension of the time for the payment of the premium. (*Washoe Tool Co.* v. *Hib. Ins. Co.,* 7 Hun, 74; *Leslie* v. *Knick. Ins. Co.,* 2 id., 616; *Bolton* v. *Am. M. L. Ins. Co.,* 25 Conn., 542; 1 Pars on Con. [1st ed.], 427; *Fleming* v. *Gilbert,* 3 J. R., 528; *Boutwell* v. *O'Keefe,* 32 Barb., 434; *Young* v. *Hunter,* 6 N. Y., 203; *Evans* v. *Thompson,* 5 East, 189–193; *Hasbrouck* v. *Tappen,* 15 J. R., 200–204.) The time specified in a policy of insurance for the payment of the premium may be extended by parol or otherwise. (*Goit* v. *N. P. Ins. Co.,* 25 Barb., 189; *Trustees, etc.* v. *B'klyn F. Ins. Co.,* 19 N. Y., 305; *Howell* v. *Knick. L. Ins. Co.,* 44 id., 276; *Dean* v. *Ætna L. Ins. Co.,* 2 Hun, 358; *Washoe Tool Co.* v *Hib. F. Ins. Co.,* 7 id., 74.) Defendant, by extending the time for payment of the premium, is estopped from claiming a forfeiture. (*Dezell* v. *Odell,* 3 Hill, 219; *Reynolds* v. *Lounsbury,* 6 id., 534; *Underwood* v. *F. J. Ins. Co.,* 57 N. Y., 500; *Leslie* v. *Knick. L. Ins. Co.,* 2 Hun, 616.)

ALLEN, J. By the contract of insurance, William E. Bunker was insured for the term of his natural life, subject to a forfeiture of his policy and loss of all premiums paid, by the non-payment of the annual premiums at or before the time specified for the payment of the same. It was not a contract for insurance for a single year with liberty to the assured to renew the same from year to year, but a continuous

contract for life. (*Cohen* v. *The N. Y. Mutual Life Ins. Co.*, 50 N. Y., 610; *Sands* v. *N. Y. Life Ins. Co.*, id., 626; *Martine* v. *International Life Ins. Co.*, 53 id., 339.) The forfeiture, the penalty for a non-payment of the annual dues at the day, was for the benefit of the insurers and could be dispensed with by them; and if waived or agreed to be waived at a time when the other party might have literally performed the contract and prevented a forfeiture by an agreement or a promise to accept performance at a later day, the non-performance of the condition at the day cannot be alleged to defeat the contract, and the insurers will not be permitted to insist upon a forfeiture of the policy by reason of such non-performance. This is within the familiar principle that he who prevents a thing being done shall not avail himself of the non-performance he has occasioned. The authority of the president to act for the company is not disputed, and he dispensed with the performance of the condition at the day by extending the time for the payment of the premium which became due in August, 1874, and the defendant is now estopped from insisting upon a forfeiture for non-payment at the day or from alleging that the contract is not continued in full force and effect. (*Hasbrouck* v. *Tappen*, 15 J. R., 200; *Young* v. *Hunter*, 2 Seld., 203.) The time for the performance of contracts by specialty, as well as simple contracts, may be extended by parol, and when so extended it is as if the extended time was written in and made a part of the original contract, every other provision remaining intact, and to be carried out with the single modification as to time. (*Keating* v. *Price*, 1 J. Cas., 22; *Evans* v. *Thomson*, 5 East, 189; *Boutwell* v. *O'Keefe*, 32 Barb., 434.) The effect of giving the extension was merely to give credit for the premium due in August until the tenth day of October following and — waiving the forfeiture which, but for such dispensation, would have resulted from a non-payment at the time fixed by the policy — to continue the policy and the contract of insurance in full force as if there had been strict performance of the condition at the day, and liable only to a forfeiture by non-

payment at the time to which performance was deferred. The premium, if then paid, would be the price of the risk for the time for which credit was given, as well as for the unexpired portion of the year, and such payment would not be the consideration for a new contract for insurance for the time yet to elapse before the expiration of the year, but for the insurance for the whole year and to continue the contract in force during every instant of time and without break or suspension. There was no condition expressed or implied in the extension varying the original contract as a continuous contract of insurance for the term of the natural life of the insured. The contract was not suspended, and a condition now sought to be implied, and which would be implied in a contract for insurance to commence *in futuro*, that the assured should be living at the day, would be repugnant to the contract which was continued in force. It cannot be intended from the simple transaction of giving time for payment of the premium — that is, giving credit instead of exacting prompt payment — the parties had in view the continuance of the contract merely to secure the benefit of it to the insurer by the payment of the premium if the peril insured against should not happen, but in case of the death of the insured before the time should elapse for its payment the contract should be void; that is, that upon the occurrence of the event constituting the peril, indemnity against which was the only object and purpose of the contract, the policy should be of no avail. This would be saying to one undertaking to pay in the future for a risk to commence *in presenti*, that his life is insured if he lives, but if he dies he is not insured. The policy was continued in full efficacy and was a valid and effective insurance at the time of the death of the insured. (*Shearman v. Niagara Fire Ins. Co.*, 46 N. Y., 526.) It needed no revival or renewal, for the reason that there was at no time, a forfeiture or any act or omission by the insured, which by the terms of the policy could work a forfeiture, the waiver of payment being the equivalent of actual payment of premium to prevent such forfeiture. (*Bodine* v. *Exchange Fire*

*Ins. Co.*, 51 N. Y., 117 ; *Howell* v. *Knickerbocker Life Ins. Co.*, 44 id., 276.) The cases which have involved the construction of the terms of the policy — of which *The Phœnix Life Ins. Co.* v. *Sheridan* (8 H. of L. Cas., * 745), is an example — referred to by the counsel for the appellants, do not bear on the case in hand.

But another view of the transaction is fatal to the claim of the defendant. The parties intended a valid transaction at the time the assured applied for, and the insurers granted an extension for the time of the payment of the annual premium in 1874, and to this extent varied the terms of the contract. Neither the negotiation nor the agreement in all its terms and in detail was reduced to writing, but the memorandum made is sufficient to enable the court to give effect to the intent of the parties, aside from any promise by the assured to pay the premiums as they should become due, which might be implied from the policy itself, the assured by asking for and accepting from the insurers an extension of the time of payment and a credit for the premium then about to become due, and a waiver of the forfeiture and the agreement to continue the policy in life as if the premium was actually paid, by clear implication, promised and agreed to continue the risk another year and to pay the premium at the day fixed. Such promise would be implied and the waiver of the payment at the day would constitute the consideration for the promise. (*Smith* v. *Weed*, 20 Wend., 184; *Hinman* v. *Moulton*, 14 J. R., 466; *Stebbins* v. *Smith*, 4 Pick., 97.) This would make the agreement valid as a contract based upon mutual promises.

The judgment must be affirmed.

All concur.

Judgment affirmed.