DEBORAH B. DILLEBER, Respondent, *against* THE KNICKER-
BOCKER LIFE INSURANCE COMPANY, Appellant.

(Decided March 4th, 1878.)

Where the insured, being about to give up a policy of insurance upon his own life, was told by the defendant's president that if he would keep it alive and could not make payment when due that the company would give him whatever accommodation was necessary, and the insured thereupon abandoned his intention of giving up his policy, and for seven years thereafter the defendant received the premiums after they were due,

*Held,* 1. That although the policy provided that it should continue in force only so long as the annual premiums were paid when due, yet this was a condition that might be waived by parol.

2. That the authority of the president to waive such condition would be inferred in the absence of any evidence to the contrary.

3. That the receipt by the company for seven years of the premiums after the day on which they were due, and when the company might have enforced a forfeiture, was an approval and ratification of the act of the president in waiving such condition.

EXCEPTIONS ordered to be heard in the first instance at general term.

The action was brought to recover the amount payable on a life insurance policy on the death of John R. Dilleber, issued by the defendant.

The policy was dated Dec. 22d, 1858, and made for one year, and provided that it might be continued in force from time to time until the decease of the said John R. Dilleber, provided the insured should duly pay on or before Dec. 22d in each year the annual premium. The premium for 1875 had not been paid at maturity, but had been tendered two days afterwards and refused.

The plaintiff claimed that the defendant, after the policy had been made, had made an agreement by which the payment of the premiums on the day when they fell due was not to be enforced, but a reasonable time thereafter given for their payment.

The evidence by which it was claimed such fact was established is stated in the opinion.

*Horace E. Deming*, for appellant.

*Fred. H. Kellogg*, for respondent.

CHARLES P. DALY, Chief Justice.—I cannot agree that the verbal agreement entered into by Dilleber with the president of the company in 1860 had no application to the payment of future premiums, but was limited to an adjustment of the premium then due by taking his note for it, payable at a future day with the accruing interest.

Dilleber notified the general agent of the company then that he wished to give up his policy, and the agent brought him to the president, when one or both of them said, " You cannot. You must not give up the policy. You must keep it alive. If you can't pay it *when it becomes due we will give you whatever accommodation is necessary*," and the note was then given for the premium that was overdue. The witness further says that Dilleber gave the note, and that " finally they agreed, *by having accommodations*, to keep it alive and carry it along," and that, he says, " is the way it was fixed." Having accommodations, that is, keeping it alive by having accommodations, certainly means something more than simply accommodating him in respect to the premium that was then overdue, and that the company so understood it appears in the fact that thereafter he was so accommodated by the company's receiving the premium in the years 1862, 1863, 1864, 1865, 1868, 1869 and 1870—in each of these years after it was due. In 1867 it was paid before it was due, and in 1871, 1872, 1873 and 1874, on the day it was due. Nor is it inferable that because each of the receipts given for these premiums contained a clause that the omission to pay the premiums when due should cause the policy to be void without notice that these receipts put an end to the previous agreement of both parties that he should have accommodations to carry the policy along and keep it alive, as during a period of eight years thereafter the premiums, with the exception of one year, were regularly received after they were due, when the company, if the understanding was that

he was not to be accommodated in respect to future premiums, had the right to forfeit the policy.

The plain meaning of the agreement, as I understand it, is, that the company would not, in his case, insist thereafter upon the strict condition that the policy should become void if the premium was not paid on or before the precise day, but he was to be accommodated by allowing him a reasonable time after that day; and in the payments of the premiums overdue during the seven years referred to the time was not greatly extended, the average being about four days after;— the time varying from one to nine days after the day named in the policy.

An agreement by parol to give the insured a reasonable time after the day fixed by the policy for the payment of the premium, entered into two years after the policy was effected, and the inducement to which on the part of the company was, that the insured would not, as he then wished to do, give up the policy, but would, in the language of the witness, carry it along and keep it alive, was a valid agreement which qualified the strict condition in the existing policy; and after entering into such an agreement the company are estopped from enforcing the forfeiture if the premium is tendered within a reasonable time after the day, which was the case here: for the amount of the premium in 1875 was offered to the company two days after the day named in the policy. (*Howell* v. *The Knickerbocker Life Ins. Co.*, 44 N. Y. 276; *Homer* v. *Guardian Life Ins. Co.*, 67 N. Y. 478.) The authority of the president to make such an agreement on behalf of the company will be inferred in the absence of any evidence to the contrary (*Conover* v. *The Mutual Life Ins. Co.*, 1 Comst. 290; *Bodine* v. *The Exchange Fire Ins. Co.*, 51 N. Y. 117), and the receipt of the premiums for so many years by the company after the day named in the policy, was an approval and ratification by the company of the act of the president. (*Block* v. *The Columbian Ins. Co.*, 42 N. Y. 393; *Dean* v. *The Ætna Life Ins. Co.*, 62 id. 642.)

The company refused to receive the premium in 1875 after the day, unless upon an examination by their regular

physician he should prove to be an insurable subject, which was either treating the policy as forfeited or seeking then to impose a condition which was not in the agreement made between him and the company in 1860. It would be gross injustice if the chief officer of the company should be allowed to hold out the assurance that the party, if he would continue the policy, should not be held thereafter strictly to the payment of the premium on the day named, and then after fourteen years, during which the premium was received when offered, whether before, at, or in a few days after the time, that the company should be allowed to forfeit it because the offer of payment was two days over the time. But for the assurance given to him it may be assumed that Dilleber would not have allowed a policy upon which he had been paying the premium for sixteen years to become forfeited by a failure to pay on or before the day named, but would have paid it, on that day or before, as he had done during the four years preceding; and for the law to hold under such circumstances that the policy is forfeited, would, as I have said, be to sanction a gross injustice. The law goes very far, as it must do, in sustaining the skillfully drawn conditions which insurance companies are careful to incorporate in their policies; but in a case like this, where the president of the company gives the assured to understand that if he will continue the policy and cannot pay the premium as it becomes due the company would give him whatever accommodation was necessary, and he acts upon this assurance, the company should be bound by the acts of their officer, or such contracts, instead of being of the beneficient character they are claimed to be, would be but a trap for the unwary. No person would be justified who had taken out a policy in acting in respect to the payment of premiums upon any assurance made to him by any officers of the company. I think the judgment was right and should be affirmed.

JOSEPH F. DALY, J., concurred.

ROBINSON, J., dissented.

Judgment affirmed.