C. W. GIVEN, Appellant, v. ARTHUR CORSE, Respondent.

Kansas City Court of Appeals, January 4, 1886.

1. CONTRACT—WHAT IS SUFFICIENT CONSIDERATION.—In general, a waiver of any legal right, at the request of another party, or any benefit to the defendant, or detriment to the plaintiff, or any act done at the defendant's request and for his convenience, or to the inconvenience of the plaintiff, would be sufficient to support a promise by the defendant.

2. ——— ——— AGREEMENT TO WITHDRAW EXECUTION AND RETURN IT UNSATISFIED—CASE ADJUDGED.—Where, by an agreement between plaintiff and defendant, the defendant, who was the owner of a judgment against the plaintiff and who controlled an execution issued thereunder, then in the sheriff's hands, by virtue of which execution the sheriff was about to levy upon the plaintiff's property, agreed on his own part to withdraw said execution by having the sheriff to return it unsatisfied. *Held*, that by so agreeing the defendant clearly waived a legal right to his inconvenience, and said agreement was sufficient to support a promise by plaintiff. And when the plaintiff, who had appealed from said judgment to the supreme court in consideration of said agreement, promised not to procure a *supersedeas* after a certain term of the circuit court, which rendered the judgment ; or that he would *pay* the judgment at that time if he did not procure a *supersedeas* in the meantime. *Held*, that by this promise the plaintiff waived a legal right, and possibly to *his* detriment, and the promise was a sufficient consideration to support the agreement *by* the defendant. *Held, further,* that the agreement *between* plaintiff and defendant, was, therefore, valid and binding, and was not without consideration.

3. ——— BREACH OF—MEASURE OF DAMAGES.—Where it appeared from the evidence that this agreement was broken by the plaintiff, who procured a *supersedeas subsequent* to the time agreed upon for the payment (*unless* so procured in the meantime) and thereby the enforcement of the judgment was suspended, the measure of damages was the amount of that judgment, with interest.

APPEAL from Maries Circuit Court, HON. A. J SEAY, Judge.

*Affirmed.*

Statement of case by the court.

This suit was brought before a justice of the peace upon an ordinary account. The defendant filed the following set-off:

"Now comes the defendant and for offset and counter-claim to plaintiff's demand, states: that on the sixteenth day of April, 1879, one E. Keogle recovered against the plaintiff a judgment in the circuit court of Maries county for $39.90, and that said judgment was assigned for value to this defendant, A. Corse, on said sixteenth day of April, 1879, and that on the twenty-sixth day of February, 1880, execution on said judgment in favor of and to the use of A. Corse was issued by the clerk of said circuit court against C. W. Given, and delivered to the sheriff of Maries county; that on the—— day of ——, 1880, and more than twenty days prior to the April term, 1880, of the Maries circuit court, and when the said sheriff of Maries county was about to levy on the property of Given to satisfy said execution, the said C. W. Given promised to pay to A. Corse said execution sum of $39.90 and interest, on the first day of the ensuing April term, 1880, of the said circuit court, if said A. Corse would cause said execution to be returned not satisfied, provided said execution could not be stayed on or before the first day of said April term, 1880, and on said promise said A. Corse then and there caused said execution to be returned not satisfied. That said execution was not stayed by the supreme court or any other court on or before the first day of said April term, 1880, nor was it stayed by any court at any time during said April term, 1880. That said Given did not then pay off said execution nor said $39.90 to this defendant, nor is the same yet paid; that said Given owes by reason of

said promise the said $39.90 and interest thereon from April 1, 1880, for which defendant asks judgment."

The defendant had judgment before the justice. Upon a trial in the circuit court, an appeal having been taken by the plaintiff, the defendant introduced evidence tending to prove the allegations contained in this set-off. The plaintiff introduced evidence tending to contradict these allegations; and also introduced in evidence from the records of the Maries circuit court the following:

"In vacation, April 29, 1880.

"ERHARDT KEOGEL  
v.        } Appeal from J. P.  
"C. W. GIVEN.

"Writ of error with order of *supersedeas* endorsed thereon and bond of C. W. Given for two hundred dollars, with J. A. Love and George Lindner as his securities, which has heretofore been approved by the judge of this court, presented and exhibited to me, and further proceedings stayed in this cause until disposed of by the supreme court of this state."

The court gave the following instruction for the defendant:

"The court instructs the jury that if defendant and plaintiff mutually agreed that defendant should order the execution in evidence returned unsatisfied and that in consideration of such order and return, plaintiff would pay him the full amount due upon said execution on the first day of the April term, 1880, of the Maries circuit court, in case plaintiff did not secure a stay of said execution by that time, and if they further believe that defendant did order said execution returned unsatisfied, and that it so was returned, and that defendant did not secure a stay of said execution on or before the first day of said April term, 1880, and that plaintiff has not paid to said defendant the amount of said judgment or any part thereof, then the jury will find for the defendant, and assess his damages at the sum of $35.49, with six per cent. interest thereon from April 16, 1879."

The plaintiff asked and the court refused to give various instructions. It is unnecessary for us to set out those various instructions herein, because if the court properly gave the above instructions for the defendant it also properly refused to give those asked by the plaintiff.

EDWIN SILVER, for the appellant.

I. *Nemo debet bis vescari pro una et eadem causa.*

II. There was no consideration for the promise not to make the levy. *Union Bk. v. Govan*, 10 Sm. and Ml. (Miss.) 333; *Hunt v. Johnson*, 23 Mo. 432; *Russel v. Buck*, 11 Vt. 166.

III. In any event the measure of damages, under the evidence, in this case, could not be the full sum for which the execution was issued.

IV. When the case was tried in the circuit court on the appeal from the justice, a stay of execution had been awarded from the supreme court upon the judgment. This suspended the judgment in that case. See this same case, 79 Mo. 77. The judgment in the appeal case (before the justice) was vacated and the cause tried *de novo* (*Turner v. Northcot*, 9 Mo. 249, and 78 Mo. 49), and we have the defendant offering in evidence on the trial of the appeal (in the circuit court) and claiming judgment on a promise to pay an execution issued on a suspended judgment. He could not do this.

V. The court erred in not sustaining the motion in arrest of judgment.

No brief on file for the respondent.

I.

HALL, J.—The plaintiff urges that the agreement set up in the set-off is a *nudum pactum*, being without consideration. And the question thus presented as to whether or not there was any consideration upon

which to base that agreement is the principal question in this case.

It is laid down by Parsons that "in general, a waiver of any legal right at the request of another party, is a sufficient consideration for a promise." 1 Parsons on Contracts (7 ed) 473 (new paging).

In *Waterman v. Barrett* (4 Harr. (Del.) 311,) it is said that "any benefit to the defendant or detriment to the plaintiff, is a sufficient consideration."

It is held in *Burr v. Wilcox* (13 Allen 273), that "any act done at the defendant's request and for his convenience, or to the inconvenience of the plaintiff, would be sufficient" to support a promise by the defendant.

In *Stillwell v. Aaron* (69 Mo. 545), our supreme court approved the following statement of the principle of Mr. Story: "In the first place, as to considerations arising from benefit or injury. The principal requisite, and that which is the essence of every consideration, is that it should create some benefit to the party promising, or some trouble, or prejudice, or inconvenience to the party to whom the promise is made. Wherever, therefore, any injury to the one party, or any benefit to the other party, springs from a consideration, it is sufficient to support a contract." Story on Contracts, sect. 548.

The facts in the case at bar render it very peculiar, but that alone will not prevent the applicability of the above well established principle. By the agreement between plaintiff and defendant, which the jury found was made, the defendant, who was the owner of a judgment against the plaintiff and who controlled an execution issued thereunder, then in the sheriff's hands, by virtue of which execution the sheriff was about to levy upon the plaintiff's property, agreed on his part to withdraw said execution by having the sheriff return it unsatisfied. By so agreeing the defendant clearly waived a legal right to his inconvenience. Said agreement by defendant was sufficient to support a promise by plaintiff.

Now as to the plaintiff, against whom the defendant had a judgment. From that judgment the plaintiff had taken an appeal to the supreme court, and upon the compliance by him with certain conditions of the law he would have been entitled to a *supersedeas*, which he had not yet procured. Upon his part, in consideration of defendant's agreement, the plaintiff promised to pay the judgment on the first of the then ensuing April term of the Maries circuit court, provided he did not procure a *supersedeas* in the meantime. In other words the plaintiff promised not to procure a *supersedeas* after the first day of the said April term of the Maries circuit court. This is so, because after payment of the judgment by plaintiff there could have been no such thing as a *supersedeas*. By this promise the plaintiff waived a legal right, and possibly to his detriment. The promise was a sufficient consideration to support the agreement by the defendant. The agreement between plaintiff and defendant, was, then, valid and binding, and was not without consideration.

## II.

The plaintiff next argues that, under the agreement between him and the defendant, it was a condition precedent to the defendant's right to a recovery that the plaintiff should not have procured a *supersedeas* before the first day of the said April term of the Maries circuit court, and that from the evidence it did not appear that the plaintiff had not, prior to said day, procured a *supersedeas*. This position is not correct. The plaintiff himself showed that a *supersedeas* was granted on the twenty-ninth day of April, 1880. And under section 1153, Revised Statutes, the first day of the April term of the Maries circuit court was the second Monday of April, which was, of course, prior to the twenty-ninth.

## III.

As argued by plaintiff the *supersedeas* suspended the judgment had by defendant against the plaintiff. And, therefore, we think that the trial court correctly declared that the amount of that judgment with interest was the measure of damages.

Judgment affirmed. All concur.