JOHN VOGEL, Appellant, v. MORITZ MEYER, Respondent.

St. Louis Court of Appeals, November 23, 1886.

1. CONTRACTS—CONSIDERATION BY WAIVER.—The waiver of a legal right on the part of a promisee is a sufficient consideration for a promise made on account of such waiver.

2. ——— CONSIDERATION RESTING ON CONVENIENCE.—Testimony from which it may legitimately be inferred that the promisor derived some benefit or convenience for his promise, furnishes evidence of a consideration to support the promise.

APPEAL from the St. Louis Circuit Court, AMOS M. THAYER, Judge.

*Reversed and remanded.*

BROADHEAD & HAEUSSLER, for the appellant : Any act done at the defendant's request, and for his convenience, or to the inconvenience of the plaintiff, would be sufficient to support a promise by the defendant. *Given v. Corse*, 20 Mo. App. 132 ; 1 Parsons on Cont. [7 Ed.] 473 ; *Burr v. Wilcox*, 13 Allen, 273 ; *Stilwell v. Aaron*, 69 Mo. 545.

PRESLY N. JONES, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

This appeal involves the sum of thirteen dollars and sixty-five cents, and we regret exceedingly that owing to an erroneous instruction, which, under the facts of the case, was necessarily prejudicial to the plaintiff, the judgment of the trial court, which was for the defendant, can not be permitted to stand.

The controversy between the parties was as to whether the defendant agreed to repair a certain fence of the plaintiff's in consideration of its having been in-

jured by the piling of the defendant's scrap iron against it, or whether he agreed to repair it in consideration of the plaintiff's not removing it until after the defendant had quit the occupation of the adjoining premises. There was testimony tending to support either version of the contract, and it was conceded that the plaintiff did not remove the fence during the defendant's occupancy of the adjoining premises, and that the defendant failed and refused to repair the fence when thereto requested after such occupancy ceased.

Numerous objections were made and exceptions saved by the plaintiff to the admission of testimony, and the giving and refusal of instructions. We have examined them carefully and find them all untenable, with this exception.

The court, of its own motion, instructed the jury:

"3. If the jury believe, from the evidence, that at the time of the alleged contract, the iron was not so piled against or upon the fence as to be disturbed by repairing the fence in question if the plaintiff had so undertaken, and if you further find that the fence in question had not been theretofore, and was not thereafter, injured by the defendant by piling iron against or upon it, then the plaintiff can not recover even though you believe the defendant did promise to repair the fence, or pay for its repair when he moved."

This instruction was clearly erroneous. If the defendant agreed to repair the fence in consideration of the plaintiff not removing it until he, the defendant, vacated the adjoining premises; and the plaintiff, thereupon, permitted the fence to remain *in statu quo* until defendant did vacate such premises, then the contract was based upon a consideration sufficient to support it, regardless of the fact whether the defendant had injured the fence or not, or of the fact whether the defendant's iron was piled against it or not.

That the fence was the plaintiff's fence is conceded. That he had a legal right to remove it at any time, ad-

mits of no doubt. If he waived this legal right at the defendant's request, that of itself is a sufficient consideration to support the promise, although he may have suffered no inconvenience, and the other party may have derived no benefit from his so doing. 1 Parsons on Cont. 473; *Smith v. Weed*, 20 Wend. 184, 186; *Brooks v. Ball*, 18 Johns. 337; *Given v. Corse*, 20 Mo. App. 132. Moreover, there is sufficient in the testimony of the plaintiff to give rise to the legitimate inference that the non-removal of the fence was a convenience to the defendant, and being such furnished a sufficient consideration to support his promise. *Stilwell v. Aaron*, 69 Mo. 545; *Burr v. Wilcox*, 13 Allen, 573.

The judgment is reversed and the cause remanded. All the judges concur.