■ STERLING FACTORS CORPORATION, Appellant, v. MAX FREEMAN et al., Respondents, et al., Defendants. STERLING FACTORS CORPORATION, Appellant, v. MAX FREEMAN et al., Respondents.— In consolidated actions by a corporate factor against guarantors of a corporate indebtedness on their guaranties and to foreclose a mortgage given by them as collateral security, plaintiff appeals from a judgment of the Supreme Court, Nassau County, dated July 13, 1966, in favor of respondents and dismissing the complaints, after a nonjury trial. Judgment affirmed, with costs. In our opinion, the auction sale of March 1, 1963 and plaintiff's conduct thereafter were an effective repudiation of the agreement of February 28, 1963. Since plaintiff prevented performance under that contract, it cannot later seek to avail itself of rights obtained thereunder (cf. *Grad* v. *Roberts*, 14 N Y 2d 70, 75; *Dulberg* v. *Equitable Life Assur. Soc.*, 277 N. Y. 17, 24; *Homer* v. *Guardian Mut. Life Ins. Co.*, 67 N. Y. 478, 481). Nor did plaintiff obtain any better rights from the auction sale. The proof established that the sale to plaintiff lacked good faith (*Matter of Kiamie*, 309 N. Y. 325; Lien Law, § 202-b) and did not comply with the statutory requirements (Lien Law, § 202). Further, by entering into the agreement of February 28, 1963, which provided for an "orderly liquidation" of the debtor's inventory for the "mutual benefit" of plaintiff and the debtor, plaintiff waived its right to sell the property without notice to the debtor (*Toplitz* v. *Bauer*, 161 N. Y. 325). There was no contractual provision which permitted such a sale to be held without notice to the guarantors. We agree with Special Term's finding that the value of the security (the debtor's inventory) was far greater than the debt. The guarantors must be exonerated from liability, as the security was impaired to an extent greater than the debtor's obligation to plaintiff (*Antisdel* v. *Williamson*, 165 N. Y. 372, 375–376; *Humphrey* v. *Hayes*, 94 N. Y. 594, 604). Ughetta, Acting P. J., Brennan, Rabin, Benjamin and Munder, JJ., concur. [50 Misc 2d 715.]