■ JOHN F. MARTIN, Appellant, v ARTHUR MAKOWSKI et al., Respondents.—Order unanimously affirmed, with costs. Memorandum: Plaintiff appeals Special Term's denial of his motion for summary judgment in lieu of complaint brought for reimbursement of losses resulting from plaintiff's acting as surety for certain loans made by Lincoln Rochester Bank to defendants. By agreements dated December 16, 1969, June 1, 1972, October 10, 1973 and December 11, 1974, plaintiff pledged with the bank a total of 750 shares of Eastman Kodak stock in consideration for the bank's extension of credit in the amount of $9,450 to defendants husband and wife on June 30, 1969 and $15,000 to defendant husband on October 10, 1973. In addition to the foregoing agreements, defendant wife signed an agreement with the bank dated March 13, 1972 agreeing to guarantee payment of all past and future debts of defendant husband up to $25,000. In July, 1975 defendants defaulted and the bank sold plaintiff's stock. Plaintiff's motion for summary judgment in lieu of complaint sought $9,450 from defendants for reimbursement of the June 30, 1969 loan and $15,000 from defendant husband for reimbursement of the October 10, 1973 loan. Plaintiff sought $7,500 from defendant wife as cosurety on the October 10, 1973 note, if her husband was unable to pay it. As an affirmative defense to plaintiff's claim for reimbursement, defendants asserted that in 1968, prior to the making of the loan, plaintiff, who was a personal friend, orally agreed to guarantee them without the right of reimbursement in return for plaintiff's being permitted to participate in the business as a silent partner initially, then as an active partner in the future when plaintiff retired from Eastman Kodak. Special Term denied plaintiff's motion without opinion. On appeal, plaintiff argues that the alleged oral agreement is not a valid defense to his actions because it is an executory accord within section 15-501 of the General Obligations Law which provides that such agreements must be in writing. We find, however, that the alleged oral agreement is not an executory accord within section 15-501 of the General Obligations Law since that section requires that an executory accord concern a "present claim [or] cause of action". Inasmuch as the alleged oral agreement was made in 1968 before the loans and pledges were made, there was no present cause of action or right of indemnity in existence. Therefore, section 15-501 of the General Obligations Law does not apply to the oral agreement. Plaintiff next argues that the alleged oral agreement is not a defense to his claim under the suretyship principles of indemnity, subrogation and contribution. It is possible, however, to surrender one's right to subrogation by agreement *(Sterling Factors Corp. v Freeman,* 50 Misc 2d 715, 719, affd 27 AD2d 956). Therefore, as the oral agreement might extend to plaintiff's rights of indemnity, subrogation and contribution, its precise terms raise issues of fact to be determined at trial. Finally, plaintiff argues that even if there were an oral agreement such as defendants contend, defendant husband breached an implied covenant of good faith by failing to maintain the business as a partnership. Plaintiff asserts that defendants' incorporation of

the business prevented plaintiff from participating in the business as a silent partner and as an active partner upon his retirement from Eastman Kodak. Inasmuch as the precise terms of the oral agreement dealing with plaintiff's participation in the business are unclear, there are issues of fact which must be resolved before the question of a possible breach can arise. Plaintiff's motion for summary judgment in lieu of complaint was properly denied. Pursuant to CPLR 3213 such denial converts the proceeding into an action and the moving papers are deemed the complaint and answer. (Appeal from order of Monroe Supreme Court—summary judgment.) Present—Cardamone, J. P., Schnepp, Doerr, Witmer and Moule, JJ.