■ In the Matter of HILLSIDE HOUSING CORPORATION, Appellant, v. LOCAL 32E, BUILDING SERVICE EMPLOYEES INTERNATIONAL UNION, et al., Respondents. — Judgment, Supreme Court, New York County, entered January 17, 1972, unanimously modified, on the law, to add the further provision that the award of the arbitrator be and it hereby is confirmed, and judgment otherwise affirmed, without costs and without disbursements. We agree that Special Term correctly concluded that the arbitrator did not exceed his powers and that the award is adequate as to form and content. The arbitrator was not required to state the reasons or grounds for his determination of the issues submitted (see *Korein* v. *Rabin*, 29 A D 2d 351; *Matter of Bay Ridge Med. Group* v. *Health Ins. Plan of Greater N. Y.*, 22 A D 2d 807). However, on denial of the motion to vacate or modify the award, the court should have confirmed the award (see CPLR 7511, subd. [e]). Concur — Nunez, J. P., McNally, Tilzer, Eager and Capozzoli, JJ.

■ GEORGE STADLER, SR., Respondent, v. LANG ENGRAVING CORPORATION, Appellant, et al., Defendant.— Order, Supreme Court, New York County, entered March 15, 1971, unanimously modified, on the law, so as to reverse and deny plaintiff's motion for summary judgment, and the action remanded for service of pleadings in due course, without prejudice, however, to renewal of motion for summary judgment following joinder of issue and completion of pretrial procedures. Appellant shall recover of respondent $60 costs and disbursements of this appeal. We conclude that the action was not one brought upon an "instrument for the payment of money only" within the meaning of CPLR 3213. (See *Wagner* v. *Cornblum*, 36 A D 2d 427; *Rickert* v. *Packet Facilities*, 35 A D 2d 711; *Mike Nasti Sand Co.* v. *Almar Landscaping Corp.*, 34 A D 2d 554; cf. *Seaman-Andwall Corp.* v. *Wright Mach. Corp.*, 31 A D 2d 136, affd. 29 N Y 2d 617.) "In any event, this is a case where orderly procedure requires a direction that a motion for summary judgment should await the service of pleadings delineating the issues." (See *Holmes* v. *Allstate Ins.*, 33 A D 2d 96, 99.) Concur — Nunez, J. P., McNally, Tilzer, Eager and Capozzoli, JJ.

■ WILLIAM DIXON, Respondent, v. COUNTRY-WIDE INSURANCE COMPANY, Appellant.— Order of the Appellate Term of the Supreme Court, First Department, entered January 11, 1972, affirming a judgment of the Civil Court of the City of New York, County of New York, entered February 6, 1970, affirmed on the *Per Curiam* opinion of the Appellate Term. Respondent shall recover of appellant $60 costs and disbursements. Concur — McGivern, J. P., Nunez, Kupferman and Eager, JJ.; McNally, J., dissents and votes to reverse and grant a new trial for the reasons stated in the dissenting opinion of Quinn, J. at the Appellate Term.