Arthur C. Aulisi, J.
This is a motion for summary judg *935 ment in lieu of complaint under CPLR 3213 in which plaintiff seeks to compel defendant to perform those provisions of their separation agreement which provide for the sale of their former home. The parties were once husband and wife and, prior to their divorce on February 22, 1974, owned and occupied the subject property as tenants by the entirety. Defendant now resides in the house with the two children of the parties. Specifically, plaintiff asks that defendant be directed to permit an appraisal to be made of the house and to execute a multiple listing agreement with a real estate broker for the purpose of placing the property on the market for sale at the price for which it is appraised.
The motion is opposed by defendant on the ground that the action is based upon a separation agreement. It is her position that a separation agreement is not an instrument for the payment of money only within the meaning of CPLR 3213 and, hence, the use of the procedural device afforded by that statute is not available to the plaintiff. (Wagner v Cornblum, 36 AD2d 427). Defendant also asserts that she has valid defenses to the action in that she was coerced, through physical force, to sign the December 29, 1973 modification of the separation agreement which provided for a reduced amount of support for herself and her children and added the provision for the sale of the house. She also claimed that if the house is sold she will be unable to provide a home for herself and the children.
Plaintiff, on the other hand, contends that the action is based, not upon a separation agreement, but upon a judgment of divorce which incorporated the terms of the separation agreement, and that a motion for summary judgment under CPLR 3213 is proper under the facts of the case. It is his position, also, that he has no adequate remedy at law and that no issues of fact have been raised by plaintiff to support a denial of the motion.
CPLR 3213 was designed "to provide a speedy and effective means of securing a judgment on claims presumptively meritorious” where the use of formal pleadings, as in a conventional action, would be superfluous. (4 Weinstein-Korn-Miller, N.Y. Civ. Prac., par. 3213.01.) The new procedure was made available in two classes of actions, namely, an action on a judgment and an action on a money-only instrument.
The question in this case is not whether the plaintiff may maintain the action, but whether he can obtain summary *936 relief on the allegations of the motion papers without the necessity of pursuing the procedures of the conventional action. The answer to this last question must depend upon whether the pertinent provisions of the separation agreement providing for the sale of the house were merged in the divorce decree or survived the same. Here, although the judgment of divorce incorporated the terms of the separation agreement, the entry of the judgment did not terminate the contractual obligations under the agreement, inasmuch as the judgment itself provided that "notwithstanding such incorporation, the Separation Agreement and Modification Agreement shall survive this said decree and judgment and the plaintiff and defendant shall each fully comply with and be bound by all terms of said agreements”. (Hettich v Hettich, 304 N. Y. 8, 14; Schmelzel v Schmelzel, 287 N. Y. 21, 25-26.) Thus, whatever the rights of the plaintiff may be to compel the sale of the house, they are derived from the separation agreement and not from the judgment, and are not enforceable under CPLR 3213. (Wagner v Cornblum, supra; Orenstein v Orenstein, 59 Misc 2d 565.)
The decision in Riesenberger v Sullivan (16 Mise 2d 471, affd. 3 AD2d 916) does not aid the plaintiff. In that case, though specific performance was granted, it was after a trial was had.
Moreover, triable issues of fact are presented which should be resolved upon a trial. The allegation of defendant that she was coerced, through physical force, to sign the modification agreement has not been controverted by plaintiff. It might be noted, in passing, that there may be other issues related to the question of the support provided for in the agreement and to the right of the plaintiff to claim one half of the net proceeds of the sale of the house, in view of the fact that the payments made by plaintiff on the mortgage covering the house have been deducted from the amounts due under the agreement for the support of the defendant and the two children. Formal pleadings should be used to sharpen the issues in the case.
The motion of plaintiff for summary judgment in lieu of complaint is, therefore, denied. The order to be submitted should provide that the plaintiff shall have 20 days after service of the order to serve his complaint.
Submit order accordingly.