■ CHARLOTTE SHAW, Formerly CHARLOTTE KREBS, Respondent, v JON KREBS, Appellant. — Order unanimously reversed, on the law, without costs, and plaintiff's motion denied. Memorandum: Plaintiff, Charlotte Shaw, and defendant, Jon Krebs, were married in the State of Indiana. Five children were born of this marriage. On September 19, 1973, the parties entered into a separation agreement which provided, *inter alia,* that plaintiff have custody of the minor children and defendant pay $650 per month for their support. Plaintiff was granted an absolute divorce in Indiana which incorporated the separation agreement. Defendant moved to the City of Corning, Steuben County, New York where he was joined in November, 1977 by his eldest daughter. On January 10, 1978, plaintiff filed a petition with the Indiana court seeking to modify the divorce decree. Defendant was served with a notice of hearing and copy of the petition by certified mail. Upon his default in appearance, the Indiana court granted the petition and ordered the defendant to pay the sum of $700 per month for the support of the four children remaining in plaintiff's custody. Plaintiff then filed a petition for support under the Indiana Uniform Reciprocal Enforcement of Support Act. After a hearing, the Steuben County Family Court determined that there was no demonstration of any " 'unforeseen and unreasonable change in circumstances' " since the time of the separation agreement and held that the defendant was to pay the sum of $130 per month per child, or $520 per month, according to the separation agreement. On September 20, 1979 plaintiff instituted this action in Supreme Court seeking summary judgment in lieu of complaint, pursuant to CPLR 3213, to enforce the Indiana decree as modified. The motion for summary judgment was granted in favor of the plaintiff, adopting the modified Indiana decree and awarding the sum of $1,449, representing arrearages in child support. Defendant appeals from that order. CPLR 3213 provides that: "When an action is based upon an instrument for the payment of money only or upon any judgment, the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint." The statute is designed to provide a speedy and effective means of securing a judgment on claims presumptively meritorious (*Interman Ind. Prods. v R. S. M. Electron Power,* 37 NY2d 151, 154). However, in order to qualify for such accelerated treatment, it is incumbent upon

the moving party to show that the action is based "upon an instrument for the payment of money only" or "upon any judgment". Here plaintiff sought summary judgment in lieu of complaint to enforce the modified Indiana decree of divorce. Nowhere in this record, however, does there appear a certified copy of a judgment to serve as a predicate for a grant of summary judgment pursuant to CPLR 3213. The certified copy of the clerk's minutes submitted by plaintiff cannot substitute for a certified copy of a judgment. Additionally, plaintiff is not entitled to accelerated relief based on the separation agreement. A separation agreement providing for support payments and for custody, visitation rights, and future rights of the parties is not " 'an instrument for the payment of money only' " (*Wagner v Cornblum*, 36 AD2d 427, 428). (Appeal from order of Steuben Supreme Court, McDowell, J. — support.) Present — Simons, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ.