OPINION OF THE COURT
Donald G. Purple, Jr., J.
Plaintiffs have moved for summary judgment in lieu of complaint to obtain a money judgment in this State based upon a default judgment taken against defendants in the State of Florida. Defendants have appeared in this action and have contested the jurisdiction of the Florida courts and the enforceability of the Florida judgment.
The issue before this court is whether the Florida judgment is entitled to full faith and credit by New York State. The sole inquiry is whether the Florida court had jurisdiction over the defendants. The basis for jurisdiction alleged in the Florida action was the Florida long-arm statute. (Fla Stat Ann., § 48.193.) It makes no difference for purposes of this decision whether the actual basis for jurisdiction was ownership of real property as alleged in the plaintiffs’ affidavit or the operation of a business venture as alleged in the Florida complaint. Either basis requires personal service upon the defendants as provided by section 48.194 of the Florida Statutes Annotated.
Section 48.194 of the Florida Statutes Annotated allows for personal service outside the State in the same manner as personal service inside the State. While in hand service on defendants would have been effective, this method of *406 service was not used. Defendants were allegedly served by substituted service upon the Florida Secretary of State. However, subdivision (1) of section 48.181 of the Florida Statutes Annotated allows for substituted service on the Secretary of State only where individuals “operate, conduct, engage in, or carry on a business or business venture in the state”. Florida case law provides that a single act of selling a residence in the State is not sufficient to authorize the use of substituted service under section 48.181. (Lyster v Round, 276 So 2d 186 [Fla].) There are no allegations that the defendants have engaged in any business other than the single sale of their Florida home.
The court finds the reasoning used by the Florida courts persuasive in finding that the State of Florida did not have sufficient contacts to exercise jurisdiction over the defendants by means of substituted service of the Secretary of State. Therefore, the Florida judgment is not entitled to full faith and credit.
Based upon the above, plaintiffs’ motion for summary judgment is denied. Although defendants did not move for summary judgment, it appears that there are no issues of fact arising from plaintiffs’ claim. The court does have the power to grant summary judgment to defendants. (Reschke v Eadi, 84 AD2d 904.) Therefore, defendants are entitled to summary judgment dismissing plaintiffs’ cause of action. As issue has not yet been joined on the defendants’ counterclaims, defendants’ applications concerning the counterclaims are premature.