OPINION OF THE COURT
Margaret Gammer, J.
Plaintiffs are suing, utilizing CPLR 3213, to recover $13,000 for lost/stolen American Express Travelers Cheques (travelers cheques) purchased while plaintiff Henrich Barel was traveling in Europe.
Motions for summary judgment in lieu of a complaint may *232 be used pursuant to CPLR 3213 when the lawsuit is based "upon an instrument for the payment of money only”. (Seaman-Andwall Corp. v Wright Mach. Corp., 31 AD2d 136 [1st Dept 1968], affd 29 NY2d 617 [1971]; New Rochelle Dodge v Bank of N. Y, 127 AD2d 638 [2d Dept 1987].) The question presented on this motion is, therefore, whether the lost travelers cheques, read together with defendant’s sales agreement and the receipt for travelers cheques, constitute an instrument for the payment of money only.
In support of the motion, plaintiff relies not only on the documentary evidence but points to defendant’s well-known and widespread advertising campaign that promises the prompt refund for lost or stolen travelers cheques virtually anytime, anywhere in the world.*
Defendant, on the other hand, argues that its refund/replacement policy is at most similar to that of an insurance policy, which cannot be sued upon pursuant to CPLR 3213. It notes, too, that advertisements are not instruments for the payment of money only. It also resists the motion on the merits.
Defendant’s officer’s opposing affidavit purports to be based on information obtained from "individuals” who the affiant "believe(s) are capable of ascertaining the truth.” Defendant’s affiant, however, utterly neglects to identify those individuals, presumably within defendant’s control, much less to provide any factual statements of what this "truth” might be. Compounding this omission, defendant concedes that it represents to its customers, in agreements identical to that solicited from plaintiff Henrich Barel, that American Express will refund (i.e., within 24 hours if its widespread advertising is to be believed) "the face amount of lost or stolen travelers cheques.”
Addressing the merits, defendant’s "witness”, based upon supposed comments of anonymous "individuals” in a nonproduced "file which was created as a result of this claim”, surmises that there "appears” to be an "indication” that plaintiff’s assignor, via some unnamed wrongdoing, possibly "may have in some way forfeited a right to a refund” under the parties’ agreement.
Ordinarily, defendant’s speculative, nonevidentiary and wholly conclusory response would be totally insufficient to create a triable issue of fact. Procedurally, however, in this *233 case, at this juncture, plaintiffs’ motion must be denied for another reason: the purchase application and the purchase agreement do not state an amount to be paid by the defendant to the plaintiff, nor do they state a time when payment is to be made, and, in any event, payment is conditional on certain terms having been met; additionally, the claim form filed by the plaintiff is not an "instrument” which, without proof beyond its four corners, obligates the defendant to pay a specific sum to plaintiff. Therefore, none of these documents upon which the travelers cheques were purchased, either individually, or as a group, rises to the level required to entitle plaintiff to utilize CPLR 3213. (Seaman-Andwall Corp. v Wright Mach. Corp., supra; see also, Channel Excavators v Amato Trucking Corp., 48 Misc 2d 429.)
Notwithstanding the denial of this motion, the parties are entitled to a speedy resolution of this claim. Therefore, pursuant to CPLR 103 (c), plaintiff’s counsel’s July 10, 1989 reply affirmation, which contains plain and concise statements in separately numbered paragraphs (CPLR 3014), is hereby deemed a complaint. (See also, CPLR 3026.) Defendant is given 20 days from the date of service of a copy of this decision and order to interpose an answer to such complaint.
In light of the denial of the motion, the court need not, and does not, reach the other issues raised by plaintiff, i.e., plaintiff’s entitlement to exemplary damages and attorney’s fees. It might be noted, however, that while punitive damages are, in general, disfavored, such relief is recoverable upon proof of a violation of a clear legal obligation coupled with a fraudulent or dishonest act which affects the general public. (Walker v Sheldon, 10 NY2d 401 [1961].) In addition, General Business Law § 349 (h) provides as an important part of the remedy for damages caused by deceptive business practices, reasonable attorney’s fees and related relief. Likewise, 22 NYCRR 130.1 (the New York State courts’ analog to Fed Rules Civ Pro, rule 11) provides for sanctions and the payment of attorney’s fees where a defense lacks a good-faith basis in fact or law or is raised primarily to delay resolution of the litigation. Among the factors to be considered in determining whether conduct falls within such a category is the time available for investigation of the factual or legal issues raised, and whether the conduct continued when its lack of factual or legal basis was, or should have been, apparent to counsel. (22 NYCRR 130-1.1 [c].)
The question of whether defendant’s extensive advertising *234 of its refund policy may give rise to a deceptive practices claim as well as whether defendant’s speculative implications about plaintiff Henrich Barel’s conduct, notwithstanding a four-month opportunity to investigate, have a sound factual basis (or fall subject to 22 NYCRR 130-1.1) must await further development of the facts.

 Defendant’s response to this motion may also raise the question whether it matters if one "leaves home without them.”