■ CITY FEDERAL SAVINGS BANK, Respondent, v RICHARD RECKMEYER, Appellant.—In an action to enforce a judgment of a court of the State of Florida, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (McCarthy, J.), entered January 16, 1990, which granted the plaintiff's motion for summary judgment in lieu of complaint, and (2) a judgment of the same court, entered March 1, 1990, thereon.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The defendant Richard Reckmeyer, a New York resident, executed a promissory note in the amount of $80,000 for his interest in a Florida limited partnership, the purpose of which was to own and/or manage a shopping center located in Florida. All payments on the note were to be made to Florida. City Federal Savings Bank (hereinafter City Federal) became a holder in due course of the note on December 31, 1985. Reckmeyer ceased making payments on the note on October 1, 1987, and City Federal accelerated the balance due. City Federal commenced an action in Florida, culminating in a judgment requiring Reckmeyer to pay the unpaid principal, interest, costs and attorneys' fees. City Federal then brought a motion for summary judgment in lieu of complaint in the Supreme Court, Suffolk County, in an attempt to enforce the Florida judgment. Reckmeyer opposed City Federal's summary judgment motion, claiming that New York need not give full faith and credit to the Florida judgment. He claimed that the Florida court had no personal jurisdiction over him because he had no contacts with Florida. The Supreme Court held that the Florida court properly exercised personal jurisdiction over Reckmeyer pursuant to Florida's long-arm statute. We agree.

New York courts will not enforce a judgment of a sister State where it is shown that the State in which the judgment was entered did not have jurisdiction over the defendant *(see, Gladding Corp. v Balco-Pedrick Parts Corp.,* 76 AD2d 1).

Determining whether a court properly asserted jurisdiction over a defendant requires a two-pronged analysis. The court must determine whether the requirements of Florida's long-arm statute were satisfied and whether the exercise of jurisdiction comports with principles of due process under Federal constitutional law *(see, Cauff Lippman & Co. v Apogee Fin. Group,* 745 F Supp 678).

Florida's long-arm statute confers jurisdiction over any person who "[b]reach[es] a contract in this state by failing to perform acts required by contract to be performed in this state" (Florida Stat § 48.193 [1] [g]). Under Florida law, Reckmeyer's failure to make payments pursuant to the terms of the promissory note falls within the ambit of Florida Statutes § 48.193 (1) (g) *(see, Thompson v King,* 523 F Supp 180).

Turning to the due process requirements of the Federal Constitution, we must determine whether Reckmeyer had minimum contacts with the forum State such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice *(International Shoe Co. v Washington,* 326 US 310). The critical consideration is whether Reckmeyer's conduct and connection with the forum State were such that he should reasonably have anticipated being sued there *(see, World-Wide Volkswagen Corp. v Woodson,* 444 US 286). We find that Reckmeyer purposefully availed himself of the privilege of conducting activities within the forum State, as evidenced by his investment in the limited partnership for tax purposes. Thus, Reckmeyer's contact with the forum State was deliberate. Further, there was a nexus between Reckmeyer's contact with Florida and the cause of action *(see, Thompson v King,* 523 F Supp 180, *supra).* Therefore, the Florida court's assertion of personal jurisdiction over him satisfied the due process requirements of the Federal Constitution. Lawrence, J. P., Balletta, Rosenblatt and O'Brien, JJ., concur.