■ ISUF NIKEZIC, Appellant, v ALBERT V. BALAZ et al., Respondents.—In an action to recover on a series of 12 promissory notes, the plaintiff appeals from an order of the Supreme Court, Richmond County (Amann, J.), dated June 20, 1990, which granted the branch of the cross motion which was for summary judgment dismissing the complaint as against the defendant Albert V. Balaz.

Ordered that the order is affirmed, with costs.

On 12 separate occasions between December 24, 1984, and June 11, 1985, the plaintiff made loans in varying amounts, totalling $150,000, to the defendants. The loans, which were strictly for the business purposes of the corporate defendant, were evidenced by a series of promissory notes. The monthly repayment terms of each note were stated on its face.

In April 1990 the plaintiff served a summons and notice of motion for summary judgment in lieu of complaint pursuant to CPLR 3213, because the defendants had not paid the full amount of principal and interest. The defendants cross-moved for summary judgment pursuant to CPLR 3212 on the grounds of criminal usury and that the individual codefendant Albert V. Balaz was not a proper party to the action. The court denied the plaintiff's motion by order dated June 14, 1990. The plaintiff did not appeal this order. In an order dated June 20, 1990, the court granted the cross motion to the extent of dismissing the complaint as against the defendant Albert V. Balaz.

On appeal, the plaintiff claims that the court erred by

entertaining the defendants' cross motion before issue had been joined in the action, as required by CPLR 3212 (a). We disagree.

CPLR 3213 provides, *inter alia,* that when a motion made pursuant to that section is denied, as the plaintiff's motion was here, the moving and answering papers submitted thereon "shall be deemed the parties' complaint and answer, respectively". That being the case, we find that issue had been joined in the present action, in satisfaction of the requirements of CPLR 3212 (a), and the defendants' cross motion for summary judgment was proper, as was the court's ruling thereon.

The plaintiff's contention that the defense of criminal usury is not available to the corporate defendant or, by extension, to the individual codefendant Balaz, is also incorrect. The interest rate on the promissory notes was far in excess of the legal rate of 25% per annum for a corporation *(see,* General Obligations Law § 5-521 [3]; Penal Law § 190.40). In fact, the rates varied on the individual notes from a low of 168% to a high of 192% per annum, which are unquestionably criminally usurious under the controlling statutes.

We have examined the plaintiff's remaining contention and find that it is unpreserved for appellate review, and, in any event, lacking in merit. Sullivan, J. P., Lawrence, Ritter and Santucci, JJ., concur.