■ RACHEL FARCA et al., Respondents-Appellants, v ALEXANDER FARCA, Appellant-Respondent. [628 NYS2d 782] —In an action to recover damages for breach of a stipulation of settlement entered into in a divorce action and breach of an alleged promise to repay a loan, commenced by service of a summons and complaint and a notice of motion for summary judgment in lieu of a complaint pursuant to CPLR 3213, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Smith, J.), dated November 18, 1992, as (1) treated that branch of the plaintiffs' motion which sought summary judgment pursuant to CPLR 3213, as an application pursuant to CPLR 3212 and granted the plaintiffs relief on that branch of their motion, and (2) denied the defendant's cross motion for attorney's fees and sanctions,

and the plaintiffs cross-appeal from stated portions of the same order, which, *inter alia,* allegedly failed to conform the order to a decision dated October 15, 1992.

Ordered that the order is modified, on the law, by deleting the third and fourth decretal paragraphs thereof, and substituting therefor a provision denying that branch of the plaintiffs' motion which was for summary judgment in all respects; as so modified, the order is affirmed insofar as appealed from and cross-appealed from, without costs or disbursements.

The plaintiffs commenced this action pursuant to CPLR 3213 by service of a summons and complaint and a notice of motion which sought summary judgment in lieu of complaint. The action was based on a stipulation of settlement entered into by the plaintiff Rachel Farca and the defendant in a divorce action, and upon the plaintiff Joseph Farca's check made payable to the defendant. The stipulation of settlement, in addition to setting forth the defendant's financial obligations, addressed such issues as custody, visitation, and the religious upbringing of the children. Thus, the stipulation of settlement was not "an instrument for the payment of money only" under CPLR 3213 *(see, Wagner v Cornblum,* 36 AD2d 427; *see also, Interman Indus. Prods. v R.S.M. Electron Power,* 37 NY2d 151, 155). Joseph Farca's check dated November 13, 1988, was made payable by him to the defendant in the amount of $19,000 with Joseph Farca's notation "loan due by 4/15/89". That check was endorsed and cashed by the defendant. The notation on the check made by Joseph Farca, without more, did not unequivocally establish a promise made by the defendant. Thus, the check was not "an instrument for the payment of money only" under CPLR 3213 *(see, Interman Indus. Prods. v R.S.M. Electron Power, supra).*

The Supreme Court erred in treating the plaintiffs' application pursuant to CPLR 3213 as an application pursuant to CPLR 3212. The defendant strenuously opposed granting any relief pursuant to CPLR 3213 and cross-moved for sanctions and attorneys' fees *(cf., Big K Kosher Dairy Rest. v Gross,* 198 AD2d 205). The purpose of a motion pursuant to CPLR 3213 is to provide for an accelerated judgment where it is warranted. Where relief pursuant to CPLR 3213 is carelessly sought upon documents which are clearly not instruments "for the payment of money only", delay results, contrary to the statutory purpose of CPLR 3213. In the instant case, treating the plaintiffs' application pursuant to CPLR 3213 as an application pursuant to CPLR 3212 did violence to the statute *(see, Interman Indus. Prods. v R.S.M. Electron Power, supra;* Siegel,

Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3213:1, at 497-498) and permitted the plaintiffs to seek summary judgment prematurely, before issue was joined (see, CPLR 3212 [a]; *Elias v Serota,* 103 AD2d 410, 417). Accordingly, the branch of the plaintiffs' motion which sought summary judgment pursuant to CPLR 3213 is denied in all respects.

The Supreme Court did not improvidently exercise its discretion by not imposing sanctions on the plaintiffs or their attorney (see, 22 NYCRR 130-1.1).

The issues raised on the plaintiffs' cross appeal are without merit. Sullivan, J. P., Pizzuto, Santucci and Goldstein, JJ., concur.