■ KAREN A. STEINARD, Respondent, v WALTER S. STEINARD, Appellant. [633 NYS2d 435] —Crew III, J. Appeal from an order and judgment of the Supreme Court (Bradley, J.), entered May 11, 1994 in Ulster County, which granted plaintiff's motion for summary judgment.

In August 1989, the parties entered into an open-court stipulation which provided, in relevant part, that plaintiff was to receive a distributive award in the amount of $39,000. In connection therewith, the stipulation provided that defendant would transfer a certain annuity within 90 days of the date of the stipulation and apply the proceeds from that transaction to the payment due plaintiff. The balance due plaintiff was to be paid, except for $10,000, by November 15, 1989. Further, defendant was to sell certain real estate and apply $10,000 from the proceeds of such sale to the balance due under the distributive award. In the event that such property was not sold by March 1, 1990, defendant was to have 30 days to pay the remaining balance due, with interest accruing on any unpaid balance remaining after March 1, 1990.

Defendant failed to make the required payments and, in September 1993, plaintiff moved pursuant to CPLR 3213 for judgment in the amount of $28,199.48, representing the unpaid principal and interest due on the distributive award. Supreme Court, although determining that relief pursuant to CPLR 3213 was not appropriate, essentially treated plaintiff's motion as one for summary judgment pursuant to CPLR 3212 and granted plaintiff the requested relief. This appeal by defendant followed.

As a starting point, Supreme Court plainly erred in treating plaintiff's motion as one for summary judgment pursuant to CPLR 3212. No complaint had been served and no answer had

been interposed; hence, it was inappropriate to convert plaintiff's motion for relief under CPLR 3213 to one for summary judgment under CPLR 3212 (*see generally, Farca v Farca*, 216 AD2d 520, 521-522; *compare, Big K Kosher Dairy Rest. v Gross*, 198 AD2d 205, 206). Contrary to Supreme Court, however, we are of the view that plaintiff is entitled to relief pursuant to CPLR 3213 and, accordingly, affirm Supreme Court's order and judgment.

CPLR 3213 provides, in relevant part, that "[w]hen an action is based upon an instrument for the payment of money only *or upon any judgment*, the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint" (emphasis supplied). As defendant correctly points out, if the parties' open-court stipulation survived the judgment of divorce, it could not serve as the basis for a CPLR 3213 motion as it would not qualify as a "money only" instrument (*see, Shaw v Krebs*, 85 AD2d 913, 914). Here, however, both the judgment of divorce and the stipulation are silent as to whether the stipulation was to be simply incorporated or merged into the parties' judgment of divorce, and it is well settled that "[m]erger occurs unless the parties' agreement expressly stipulates against it" (*Cooper v Cooper*, 179 AD2d 1035, 1036; *see, Jensen v Jensen*, 110 AD2d 679, 681). Inasmuch as the parties' stipulation was merged into the judgment of divorce and, further, any judgment qualifies for the accelerated treatment afforded by CPLR 3213, we see no reason not to afford plaintiff the requested relief (*compare, Plummer v Plummer*, 80 Misc 2d 934). Finally, although the agreement was inartfully drafted, defendant's obligations thereunder are readily ascertainable and his arguments to the contrary are lacking in merit.

Mikoll, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order and judgment is affirmed, with costs.