■ Lynn J. Cucullu, Respondent, v Stephen Lowe, Doing Business as King Fisher, Inc., Appellant. [661 NYS2d 16] —In an action to recover the principal sum of $10,232.50 based upon a Mississippi judgment dated November 14, 1994, entered upon the defendant's default in answering, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Golden, J.), dated May 10, 1996, as, upon reargument, adhered to the original determination granting the plaintiff's motion for summary judgment in lieu of complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

In this action, the plaintiff seeks to recover money owed to him by the defendant pursuant to a Mississippi judgment

entered upon the defendant's default in answering. The defendant asserts that Mississippi could not exercise personal jurisdiction over him and that, accordingly, the courts of this State cannot enforce the Mississippi judgment.

"New York courts will not enforce a judgment of a sister State where it is shown that the State in which the judgment was entered did not have jurisdiction over the defendant" *(City Fed. Sav. Bank v Reckmeyer,* 178 AD2d 503). "Determining whether a court properly asserted jurisdiction over a defendant requires a two-pronged analysis. The court must determine whether the requirements of [the sister State's] long-arm statute were satisfied and whether the exercise of jurisdiction comports with principles of due process under Federal constitutional law" *(City Fed. Sav. Bank v Reckmeyer, supra,* at 504). There is no question here as to whether the requirements of Mississippi's long-arm statute were satisfied.

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations' " *(Burger King Corp. v Rudzewicz,* 471 US 462, 471-472, quoting *International Shoe Co. v Washington,* 326 US 310, 319). "So long as a commercial actor's efforts are 'purposefully directed' toward residents of another State, [the Supreme Court of the United States has] consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there" *(Burger King Corp. v Rudzewicz, supra,* at 476). In this respect, "the Due Process Clause may not readily be wielded as a territorial shield to avoid interstate obligations that have been voluntarily assumed" *(Burger King Corp. v Rudzewicz, supra,* at 474).

Here, the defendant deliberately and purposefully sought to purchase out-of-State fish, and negotiated a contract to that extent from a Mississippi dealer. The defendant's refusal to pay for the fish caused foreseeable injuries to the Mississippi owner of the fish and the defendant was, thus, subject to personal jurisdiction in that State *(see, Burger King Corp. v Rudzewicz, supra).* Accordingly, the plaintiff is entitled to summary judgment. Rosenblatt, J. P., Thompson, Pizzuto and Altman, JJ., concur.