■ DOLEC CONSULTANTS, INC., Respondent, v LANCER LITHO PACKAGING CORP., Appellant. [666 NYS2d 458] —In an action to recover the principal sum of $15,524 based upon a Canadian judgment dated July 7, 1995, entered upon the defendant's default in answering, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Gowan, J.), entered November 20, 1996, which is in favor of the plaintiff and against it in the principal sum of $15,524.

Ordered that the judgment is affirmed, with costs.

The plaintiff seeks to recover money owed to it by the defendant pursuant to a judgment of the Superior Court, Province of Quebec, Canada, entered upon the defendant's default in answering. The defendant asserts that Quebec could not exercise personal jurisdiction over him and that, accordingly, the courts of this State cannot enforce the Quebec judgment. We disagree.

Initially, the defendant's conclusory denial of receipt of the summons and complaint in the Quebec action was insufficient to raise an issue of fact warranting a hearing to determine the validity of service of process (*see, Sando Realty Corp. v Aris,* 209 AD2d 682). Moreover, the Quebec court had a valid basis for exercising personal jurisdiction over the defendant as the

defendant purposefully transacted business in Quebec (*see,* CPLR 5305 [b]; 302 [a] [1]). Under the circumstances of this case, we conclude that the Quebec court's exercise of jurisdiction does not violate principles of due process (*see, Burger King Corp. v Rudzewicz,* 471 US 462, 471-472; *see also, Cucullu v Lowe,* 241 AD2d 474). Rosenblatt, J. P., Altman, Florio and McGinity, JJ., concur.