■ JURGEN SCHULZ, Appellant, v CARL BARROWS, Respondent. [693 NYS2d 658] —Spain, J. Appeal from a judgment of the

Supreme Court (Hughes, J.), entered March 9, 1998 in Schoharie County, which, *inter alia*, granted defendant's cross motion to dismiss the complaint.

Plaintiff moved for summary judgment in lieu of a complaint pursuant to CPLR 3213 seeking to enforce a default judgment of the District Court, Lampasas County, in the State of Texas dated August 7, 1996 in plaintiff's favor and against defendant. Defendant cross-moved under CPLR 3211 (a) (2) and (8) to dismiss based upon the Texas court's lack of personal jurisdiction over him and lack of subject matter jurisdiction. Supreme Court concluded that the Texas court did not have personal jurisdiction over defendant, denied plaintiff's motion and granted defendant's cross motion. Plaintiff appeals and we affirm.

While a default judgment of a sibling state such as Texas is conclusive on the merits and entitled to full faith and credit in this State, New York courts may address the issue of whether the rendering State had personal jurisdiction over the nonappearing party against whom that judgment was obtained, an inquiry which includes Federal due process considerations (*see, Fiore v Oakwood Plaza Shopping Ctr.*, 78 NY2d 572, 577, *cert denied* 506 US 823; *see also, Parker v Hoefer*, 2 NY2d 612, *cert denied* 355 US 833; Siegel, NY Prac § 471, at 720 [2d ed]). Indeed, courts of this State will not enforce the underlying foreign judgment where the rendering State lacked personal jurisdiction (*see, City Fed. Sav. Bank v Reckmeyer*, 178 AD2d 503; *Gladding Corp. v Balco-Pedrick Parts Corp.*, 76 AD2d 1; *see also, Underwriters Natl. Assur. Co. v North Carolina Life & Acc. & Health Ins. Guar. Assn.*, 455 US 691, 705; *Cucullu v Lowe*, 241 AD2d 474, 475; *Federal Deposit Ins. Corp. v De Cresenzo*, 207 AD2d 823). Of course, if defendant appears in the foreign court to contest that court's jurisdiction over defendant and the issue is decided in favor of personal jurisdiction and a default judgment is issued, it becomes res judicata and defendant may not relitigate that issue in the courts of this State (*see, Staton Wholesale v Barker*, 257 AD2d 902; Siegel, NY Prac § 471, at 720).

To summarize, the parties' dispute stems from their October 1991 written agreement, entered into in New York when both were residents of this State, in which they agreed to jointly purchase a helicopter and equally share related maintenance and operating expenses, and which delineated terms for either party to buy out the other's interest in the helicopter. After a dispute arose, plaintiff filed a petition in the Texas District Court in 1996 alleging that he was a Texas resident and that defendant had fraudulently misrepresented the original

purchase price paid for the helicopter in 1991, causing plaintiff damages when, in 1991-1992, he exercised his option under their agreement and bought defendant's interest in the helicopter for one half of the original purchase price. Plaintiff's Texas petition also sought a declaratory judgment that he was the sole owner of the helicopter. Defendant did not answer or move against the Texas petition.[1] The Texas court, stating that defendant failed to appear, granted plaintiff a default judgment, awarded plaintiff the requested actual damages, and, *inter alia*, granted the declaratory relief sought. Plaintiff's CPLR 3213 motion *sub judice* was premised solely upon that Texas judgment.

To ascertain whether Texas courts obtained jurisdiction over this nonresident defendant, who was at all times residing in New York and did not appear in the Texas court, we look to the Texas long-arm statute as well as principles of Federal due process (*see, Fiore v Oakwood Plaza Shopping Ctr.*, *supra*, at 577; *City Fed. Sav. Bank v Reckmeyer*, *supra*; *see also, Cucullu v Lowe*, *supra*, at 475). For Texas to obtain jurisdiction over such a nonresident defendant who had no continuing or systemic contacts with Texas, he must have purposefully transacted business in Texas, the cause of action must have arisen from that transaction and the assumption of jurisdiction must not offend traditional notions of fair play (*see, Zac Smith & Co. v Otis El. Co.*, 734 SW2d 662 [Tex Sup Ct], *cert denied* 484 US 1063; *see also, Burger King Corp. v Rudzewicz*, 471 US 462; *L & M House of Jeans v Communication Control Sys.*, 88 AD2d 884, 886, *appeal dismissed* 57 NY2d 956; *O'Brien v Lanpar County*, 399 SW2d 340, 342 [Tex Sup Ct]). The Texas long-arm statute provides, as relevant here, that a nonresident defendant doing business in that State is thereby subject to its jurisdiction if he "contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in [Texas]" or if he commits a tort "in whole or in part" in Texas (Tex Civ Prac & Rem Code Annot § 17.042).

Supreme Court correctly determined that the Texas court lacked personal jurisdiction over defendant. It is undisputed that the parties entered the 1991 contract in New York when both were residents of this State. Indeed, plaintiff does not al-

---

1. Copies of the Texas citation and petition were apparently mailed to defendant at his last known address, and the Secretary of State of the State of Texas was served as defendant's agent on the ground that defendant was a nonresident who engages in business in Texas but does not either maintain a regular place of business or designated agent in that State, where the proceeding in which the nonresident is a party arises out of business done in that State (*see,* Tex Civ Prac & Rem Code Annot § 17.044).

lege or offer proof that he was a Texas resident until January of 1992, and thus defendant did not *enter* the 1991 contract with a Texas resident, as plaintiff had alleged in his Texas petition.

Notably, by January of 1992 plaintiff made the final buyout payment to defendant in New York under their agreement and the helicopter was thereafter kept by defendant in New York until October of 1993, at which time plaintiff came to this State, took possession of the helicopter and defendant gave him the bill of sale. The fact that plaintiff allegedly had also become a Texas resident by the time he made the final payment in late January of 1992 and before he took possession of the helicopter in New York did not establish defendant's transacting business or performing a contract *in Texas*, or *entering* a contract with a Texas resident.

Equally unavailing is plaintiff's contention that defendant appeared in the Texas action, as the District Court, in granting the default judgment on which plaintiff himself relies, unmistakably held that defendant had "wholly failed to appear". Correspondence from defendant's New York counsel—who is not admitted to practice in that State and did not move to appear *pro hac vice*—making a settlement offer and requesting an extension of time in which to answer or move against the Texas petition, in order to obtain Texas counsel, did not constitute an appearance by defendant in the Texas action or waive defendant's right to contest that court's jurisdiction over defendant when plaintiff moved to enforce the judgment in this State[2] (*cf.*, *Staton Wholesale v Barker*, 684 NYS2d 44, *supra* [counsel for the defendant, a New York resident, appeared in Texas action to contest Texas court's jurisdiction over defendant, and thus defendant was barred by principles of res judicata from relitigating in New York courts the issue of personal jurisdiction]).

Plaintiff's claim that the Texas court had jurisdiction over defendant because part of the 1991 agreement was to be performed in Texas is meritless. Plaintiff relies not on the terms of the 1991 contract but, rather, on such factors as post-contractual phone conversations between the parties during which plaintiff was in Texas, plaintiff's October 1993 registration of the helicopter using his Texas address, and plaintiff's mailing of payments from Texas to defendant in New York. Upon review of the "quality, nature and extent" of defendant's contacts with Texas, we conclude that these de minimis contacts do not constitute defendant's performance of part of

---

**2.** Notably, defendant's New York counsel did not get notice of the default judgment.

the contract in Texas and do not represent sufficient contacts with Texas such that defendant should reasonably have anticipated being sued there (*see, International Shoe Co. v Washington*, 326 US 310, 319; *see also, Burger King Corp. v Rudzewicz*, 471 US 462, 474, *supra*; *World-Wide Volkswagon Corp. v Woodson*, 444 US 286; *Zac Smith & Co. v Otis El. Co.*, 734 SW2d 662, 664 [Tex Sup Ct], *supra*; *cf., Cucullu v Lowe*, 241 AD2d 474, 475, *supra*; *City Fed. Sav. Bank v Reckmeyer*, 178 AD2d 503, *supra*).

Plaintiff additionally argues that the Texas court had jurisdiction over defendant based upon his alleged commission of torts which injured plaintiff in Texas, and upon unparticularized and apparently oral agreements between the parties subsequent to their 1991 agreement, at a time when plaintiff was apparently a Texas resident. However, plaintiff's Texas complaint upon which he obtained a judgment by default did not allege these purported subsequent agreements or torts and, in any event, plaintiff has not sufficiently demonstrated that plaintiff committed any torts "in whole or in part" in Texas or entered additional contracts and thus these assertions do not satisfy the Texas long-arm statute (*see*, Tex Civ Prac & Rem Code Annot § 17.042). Moreover, plaintiff's attempt to create the illusion of subsequent contracts is unavailing, as the allegations are subsumed under the terms of the 1991 agreement.

In our view, plaintiff's over-all effort to establish the Texas court's jurisdiction over defendant can best be characterized as an attempt to expose defendant to the jurisdiction of a foreign State merely because plaintiff, in part, relocated there after the occurrence of the operative events which formed the basis for the underlying judgment. Plaintiff has demonstrated neither that the Texas long-arm statute conferred jurisdiction over defendant nor that defendant had the requisite minimum contacts with Texas such that its assertion of jurisdiction comports with due process (*see, International Shoe Co. v Washington, supra*; *see also, Hanson v Denckla*, 357 US 235; *Zac Smith & Co. v Otis El. Co., supra*; *Gladding Corp. v Balco-Pedrick Parts Corp., supra*). Indeed, the Federal Due Process Clause "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties or relations'" (*Burger King Corp. v Rudzewicz, supra*, at 471-472, quoting *International Shoe Co. v Washington, supra*, at 319).

Plaintiff further argues that even if Supreme Court correctly denied his motion for summary judgment in lieu of a complaint

under CPLR 3213, it was error to have thereafter granted defendant's motion to dismiss pursuant to CPLR 3211 (a) rather than to convert this action as requested into an ordinary action and deem the moving and answering papers to be the complaint and answer. CPLR 3213 is a motion device available in actions based upon "any judgment" or upon an instrument for the payment of money only. It provides that where a motion for summary judgment in lieu of a complaint is denied "the moving and answering papers *shall* be deemed the complaint and answer, respectively, *unless the court orders otherwise*" (CPLR 3213 [emphasis supplied]). While not expressly addressing this conversion request, Supreme Court granted defendant's CPLR 3211 motion to dismiss based upon the *Texas* court's lack of personal jurisdiction over defendant, implicitly declining to convert the action.

Plaintiff argues that conversion was compelled by CPLR 3213, generally contending that dismissal prejudices him because the Statute of Limitations had run apparently on unspecified claims he might have asserted against defendant in an ordinary action in Supreme Court had he not utilized the expedited motion procedure available under CPLR 3213. On the other hand, defendant contends that conversion would have been futile because this action was based solely upon the unenforceable Texas judgment.

CPLR 3213 essentially permits an accelerated summary judgment motion. It is intended to provide a speedy and effective means of securing a judgment on a claim which is presumptively meritorious, and is permitted where the action is based upon any judgment or an instrument for the payment of money only. In such actions, a formal complaint would be superfluous and thus plaintiff is not subject to regular procedures for commencement of an action, i.e., plaintiff's service of a summons and a complaint and defendant's appearance or answer (*see, Interman Indus. Prods. v R.S.M. Electron Power*, 37 NY2d 151, 154; *Shaw v Krebs*, 85 AD2d 913; *see also*, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, C3213:1, at 497; 7 Weinstein-Korn-Miller, NY Civ Prac § 3213.01 *et seq.*). Instead, under CPLR 3213, plaintiff serves a summons and notice of motion with motion papers with a return date—which papers are in lieu of the complaint—and defendant is required to serve opposing papers and to appear on the return day (*see*, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, C3213:1, at 497). As such, it is a plenary action brought on by a motion for summary judgment. Since 1969, "any judgment" qualifies for CPLR

3213 treatment (*see,* L 1969, ch 210, § 1; *see also, Steinard v Steinard,* 221 AD2d 835, 836).

The statute directs that where, as here, the motion is denied, the moving and answering papers *"shall* be deemed" the pleadings, but then confers unqualified authority for the court to "order[ ] otherwise" (CPLR 3213 [emphasis supplied]). It has been noted that such a conversion to an ordinary action would position plaintiff where he would have been after service of an answer in an ordinary action, e.g., disclosure, bills of particular, etc. (*see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, C3213:11, at 509). The court may also, upon denial of plaintiff's motion, require service of regular pleadings if necessary to sharpen or clarify facts or issues (*see, e.g., Technical Tape v Spray Tuck,* 131 AD2d 404; *Gresham-Grenfell Corp. v Campbell,* 65 AD2d 710; *Stadler v Lang Engraving Corp.,* 40 AD2d 795; *Koondel v Creative Capital Fund,* 36 AD2d 587; *Rediscount Corp. v Duke,* 34 AD2d 898; *Goodman v Solow,* 27 AD2d 920; *Plaza 400 Owners Corp. v Resnicoff,* 168 Misc 2d 837; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, C3213:11, at 509). If a plaintiff's CPLR 3213 motion is denied it is generally without prejudice to a new summary judgment motion following joinder of issue (*see, e.g., Technical Tape v Spray-Tuck,* 146 AD2d 517, *appeal dismissed* 74 NY2d 791; *Gresham-Grenfell Corp. v Campbell, supra; Stadler v Lang Engraving Corp., supra; Rickert v Packet Facilities,* 35 AD2d 711; *Homes v Allstate Ins. Co.,* 33 AD2d 96; *Reilly v Insurance Co.,* 32 AD2d 918; 7 Weinstein-Korn-Miller, NY Civ Prac § 3213.06). It has also been recognized that if the motion papers reflect that plaintiff substantively lacks a cause of action, the court may search the record and award summary judgment, to the defendant, whether or not defendant cross-moves, which judgment would operate as res judicata against plaintiff (*see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, C3213:11, at 509 and C3213:19, at 516-517; *see also, Nikezic v Balaz,* 184 AD2d 684; *Moran v Faucett,* 122 Misc 2d 405 [the plaintiff's motion denied because Florida judgment rendered without personal jurisdiction, awarded summary judgment to defendant although the defendant did not so move]; 7 Weinstein-Korn-Miller, NY Civ Prac § 3213.05).

Here, plaintiff's CPLR 3213 motion papers are based solely upon the unenforceable Texas judgment—and indeed could not have stated other causes of action, e.g., based in contract, tort, etc.—and thus the claims *in the moving papers* patently lack merit; however, if Supreme Court had deemed plaintiff's mov-

ing papers to be a complaint and thereafter permitted plaintiff to amend them, adding other claims, plaintiff may (or may not) have meritorious causes of action. It is unclear if the conversion provision in CPLR 3213 was intended to permit a plaintiff—who unsuccessfully moves under CPLR 3213's expedited summary judgment procedure based upon a judgment—to thereafter amend the papers deemed to be a complaint in order to assert new causes of action which the plaintiff could have asserted had he instead simply commenced an ordinary action in the first instance.

Notably, it has been recognized that before a court dismisses a CPLR 3213 motion rather than converting it into a conventional action, "it should ascertain whether such a dismissal will confront the plaintiff with any substantial barrier to commencement of a new action in conventional form [e.g., if the dismissal takes place after the Statute of Limitations expires on the *original claim*]. If it will, the court should ordinarily refrain from exercising its 'unless the court orders otherwise' power under CPLR 3213 and implement, instead, CPLR 3213's specific direction to convert the application into a conventional action" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, C3213:11, at 509, quoting CPLR 3213). Here, the issue is not so much whether the *original* claim based upon the Texas judgment survives, but whether the Statute of Limitations has passed on claims plaintiff would have asserted in an ordinary action. If conversion is directed, plaintiff may thereafter move to amend the "deemed" complaint, as necessary and as permitted, and the parties may move against the pleadings.

The precise issue presented by this aspect of plaintiff's appeal is whether a court, having denied a plaintiff's motion pursuant to CPLR 3213—premised upon a judgment—due to the absence of an enforceable judgment, is compelled or has the discretion to convert the motion to an action. Research reveals that in many instances when courts determine that a plaintiff is *not* entitled to use the expedited procedure of CPLR 3213—because either the judgment is not enforceable, the instrument moved upon does not qualify or questions of fact remain—plaintiff's motion under CPLR 3213 for summary judgment is denied with no mention of conversion or the status of plaintiff's action (*see, e.g., Farca v Farca*, 216 AD2d 520 [not an instrument]; *Shaw v Krebs*, 85 AD2d 913, *supra* [certified copy of judgment not in motion papers]; *Dann v Bernstein*, 73 AD2d 782 [not an instrument]; *Davis Acoustical Corp. v Matzen Constr.*, 57 AD2d 1018 [fact issues]; *Wagner v Cornblum*, 36 AD2d

427 [not an instrument]). In other instances, when a plaintiff's CPLR 3213 motion is denied, courts have expressly directed conversion and service of pleadings (*see*, *Technical Tape v Spray Tuck*, 131 AD2d 404, *supra* [not an instrument]; *Fine v Di Stanti*, 79 AD2d 673 [not an instrument, upon conversion allowed the defendant to amend answer with related counterclaim]; *Martin v Makowski*, 67 AD2d 1080 [questions of fact]; *Gresham-Grenfell Corp. v Campbell*, 65 AD2d 710, *supra* [no reason stated]; *Stadler v Lang Engraving Corp.*, 40 AD2d 795, *supra* [not an instrument]; *Commercial Bank v Employers Ins.*, 33 AD2d 672 [denied summary judgment to the plaintiff, res judicata issue]; *Holmes v Allstate Ins. Co.*, 33 AD2d 96, *supra* [not an action upon a judgment]; *Parkhurst v Stockhausen*, 31 AD2d 622 [not an instrument]; *Goodman v Solow*, 27 AD2d 920, *supra* [questions outside instrument, directed pleadings]; *Perrett v American Exp. Travel Related Servs.*, 145 Misc 2d 231 [not an instrument]). In a few instances similar to the appeal *sub judice*, upon denial of a plaintiff's CPLR 3213 motion premised upon a foreign judgment determined to have been rendered without personal jurisdiction over defendant, courts have—without mentioning conversion—granted a defendant's cross motion to dismiss (*see, e.g., American Natl. Bank & Trust v Alba*, 111 AD2d 294 [New Jersey judgment not enforceable, rendered without personal jurisdiction over the defendant]; *see also*, *Nikezic v Balaz*, 184 AD2d 684, *supra* [granting the defendant's cross motion for summary judgment in motion on an instrument]) or dismissed even in the absence of a cross motion by the defendant (*see, e.g., Gladding Corp. v Balco-Pedrick Parts Corp.*, 76 AD2d 1, *supra* [Florida judgment not enforceable, rendered without personal jurisdiction over the defendant]; *see also*, *Moran v Faucett*, 122 Misc 2d 405, *supra* [granted summary judgment to nonmoving defendant after denying the plaintiff's CPLR 3213 motion premised upon a Florida judgment determined to have been rendered without personal jurisdiction over the defendant]).

The parties have not cited—and this Court is unable to locate—any reported decision in this State in which conversion has been ordered or addressed following the denial of a plaintiff's CPLR 3213 motion where the motion was based upon a judgment determined to have been rendered without personal jurisdiction over the defendant. The decisions in *American Natl. Bank*, *Gladding* and *Moran* can be read as implicitly rejecting conversion in such a situation. However, one noted commentator has suggested that if a plaintiff's motion is denied as not based on a judgment or instrument satisfying CPLR 3213, "the result should be only a denial of the motion and a

conversion to an ordinary action. The motion of CPLR 3213 is much akin to a special proceeding, and a special proceeding that is found not to lie because the right involved has to be prosecuted in the form of a plenary action can't be dismissed, it can only be converted (*see*, CPLR 103 [c])" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, C3213:13, at 511).

Based upon the foregoing, we cannot conclude that Supreme Court—having determined that the Texas judgment upon which plaintiff moved pursuant to CPLR 3213 was not enforceable in this State—abused its discretion when it refused to grant plaintiff's request to convert the CPLR 3213 application/ motion to an ordinary action. Under these circumstances, Supreme Court was entitled, in its discretion, to order "otherwise".

We have examined plaintiff's remaining contentions and determine that they neither merit further exposition nor warrant disturbing Supreme Court's judgment in any respect.

Cardona, P. J., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, with costs.