■ DOMINICAN SISTERS OF ONTARIO, INC., Respondent, v SHERMAN DUNN, Appellant. [707 NYS2d 215] —In an action, *inter alia,* to recover damages for breach of contract brought by motion for summary judgment in lieu of complaint, the defendant appeals from a judgment of the Supreme Court, Westchester County (Fredman, J.), dated November 10, 1999, which, upon an order of the same court entered May 11, 1999, granting the motion, is in favor of the plaintiff and against him in the principal sum of $180,290.64. The defendant's notice of appeal from the order entered May 11, 1999, is deemed to be a premature notice of appeal from the judgment (*see,* CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly concluded that the defendant failed to rebut the plaintiff's prima facie showing that jurisdiction had been obtained in the underlying action in the State of Oregon in which the Circuit Court, Malheur County, entered a judgment against the defendant upon his default in appearing or answering. The process server's affidavit, which indicated that the defendant was personally served, constituted prima facie evidence of proper service under Oregon law (*see, Baker v Foy,* 310 Ore 221, 797 P2d 349). The defendant's conclusory denial of service was insufficient to rebut the veracity or content of the affidavit (*see, Simmons First Natl. Bank v Mandracchia,* 248 AD2d 375; *Dolec Consultants v Lancer Litho Packaging Corp.,* 245 AD2d 415; *Remington Invs. v Seiden,* 240 AD2d 647; *Manhattan Sav. Bank v Kohen,* 231 AD2d 499). The

discrepancies between the defendant's actual age and height and the process server's description of the individual he served are minimal (*see, Simmons First Natl. Bank v Mandracchia, supra*).

The defendant's contention that enforcing the Oregon judgment would be against public policy is without merit. Review of a foreign judgment is limited to determining whether the court that issued the judgment had jurisdiction. If jurisdiction was properly obtained, the defendant's default in the foreign State will not nullify the res judicata effect of the judgment (*see, Ionescu v Brancoveanu*, 246 AD2d 414; *see also, Schulz v Barrows*, 263 AD2d 565). Mangano, P. J., Bracken, S. Miller and Goldstein, JJ., concur.