■ STATE OF OKLAHOMA ex rel. JOHN P. CRAWFORD, Appellant, v LNP REALTY CORP. et al., Respondents. [713 NYS2d 537] —In an action to enforce a judgment entered in the State of Oklahoma, the plaintiff appeals from an order of the Supreme Court, Nassau County (O'Connell, J.), dated August 17, 1999, which denied its motion for summary judgment and granted the defendants' cross motion to dismiss the action.

Ordered that the order is affirmed, with costs.

In December 1987, the defendants executed a "General Indemnity Agreement" in favor of MCA Insurance Company (hereinafter MCA). John P. Crawford, Insurance Commissioner for the State of Oklahoma (hereinafter the plaintiff), was subsequently appointed as the receiver of MCA. Seeking to enforce the indemnity agreement, the plaintiff obtained a judgment dated September 18, 1998, and entered in the District Court for Oklahoma County, State of Oklahoma, upon the defendants' default in answering the petition. In this action,

the plaintiff seeks to enforce the Oklahoma judgment. The defendants assert that the Oklahoma court did not have personal jurisdiction over them.

"New York courts will not enforce a judgment of a sister State where it is shown that the State in which the judgment was entered did not have jurisdiction over the defendant" (*City Fed. Sav. Bank v Reckmeyer,* 178 AD2d 503). Contrary to the plaintiff's contention, the forum selection clause contained in the indemnity agreement did not constitute the defendants' consent to jurisdiction in the State of Oklahoma (*see, Gibson Greeting Cards v Gateway Transp. Co.,* 41 AD2d 918; *see also, National Union Fire Ins. Co. v Worley,* 257 AD2d 228). Nor does the exercise of jurisdiction by the Oklahoma court comport with principles of due process under Federal constitutional law (*see, World-Wide Volkswagen Corp. v Woodson,* 444 US 286; *Burger King Corp. v Rudzewicz,* 471 US 462, *cf., City Fed. Sav. Bank v Reckmeyer, supra*). S. Miller, J. P., Friedmann, Luciano and Schmidt, JJ., concur.