OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed, without costs.
Defendant, a New York law firm which had been retained by a company which had issued a credit card to plaintiff, commenced an action against plaintiff in New York to obtain payment of plaintiff’s credit card debt. Defendant has asserted that it terminated the New York action when it learned that plaintiff had moved from her previous residence in New York to Connecticut.
Defendant allegedly made numerous telephone calls from New York to plaintiff about her credit card debt, using plaintiff’s phone number, which had a Connecticut area code. Plaintiff faxed a letter to defendant, demanding that it immediately terminate all contact with plaintiff and her family concerning the debt. In an action she brought against defendant in Connecticut, plaintiff claimed that defendant was a “creditor” within the meaning of the Connecticut Banking Law (see Conn Gen Stat Ann § 36a-645 [2]), that defendant had failed to comply with plaintiff’s demand that it cease and desist from telephoning her, and that defendant had thereby violated title 36 of the Connecticut Banking Law (Conn Gen Stat Ann § 36a-645 et seq.). Plaintiff obtained a default judgment against defendant in the sum of $9,894.80 in the Connecticut action, *41 following which she commenced the present action in Supreme Court, Nassau County, seeking to domesticate the Connecticut judgment by means of a motion for summary judgment in lieu of complaint (see CPLR 3213). Defendant cross-moved to dismiss the action, on the ground that defendant had not been properly served in the Connecticut action and, in any event, had not been subject to the personal jurisdiction of the Connecticut court. The action was transferred to the District Court of Nassau County, pursuant to CPLR 325 (d). The District Court denied plaintiff’s motion and granted defendant’s cross motion to dismiss the action, upon a finding that the Connecticut court had lacked long-arm jurisdiction over defendant and that, consequently, its judgment was not entitled to the full faith and credit of the New York courts (42 Misc 3d 1210[A], 2014 NY Slip Op 50015[U] [Nassau Dist Ct 2014]).
The Full Faith and Credit Clause of the United States Constitution (US Const, art IV, § 1) generally requires a judgment of one state court to have the same validity in every other court of the United States as it had in the state in which it was rendered (see Matter of Bennett, 84 AD3d 1365, 1367 [2011]). A default judgment rendered in a foreign state is entitled to the full faith and credit of New York courts, subject to the condition that the foreign court must have had jurisdiction over the defendant when it entered the judgment (see Cadle Co. v Tri-Angle Assoc., 18 AD3d 100 [2005]). As defendant is not a Connecticut resident and was not served in Connecticut, long-arm jurisdiction was required for the Connecticut court to acquire jurisdiction over defendant. This determination requires a two-pronged analysis: first, whether the requirements of Connecticut’s long-arm statute were satisfied, and second, if those requirements were satisfied, whether Connecticut’s exercise of jurisdiction over defendant comported with principles of due process under federal constitutional law (see David Newman & Assoc. v Natoli, 250 AD2d 723, 724 [1998]; Cucullu v Lowe, 241 AD2d 474 [1997]; City Fed. Sav. Bank v Reckmeyer, 178 AD2d 503, 503-504 [1991]; see also Daimler AG v Bauman, 571 US —, —, 134 S Ct 746, 754 [2014]; International Shoe Co. v Washington, 326 US 310, 316 [1945]).
In the Connecticut action, plaintiff premised her Connecticut statutory claim on an assertion that defendant was itself a “creditor” within the meaning of the Connecticut Banking Law, and that, by its telephone calls to plaintiff seeking to collect a credit card debt, defendant had “transacted business” in Con *42 necticut, thus subjecting itself to jurisdiction under Connecticut’s long-arm statute (Conn Gen Stat Ann § 52-59b [a] [1]). Under the Connecticut Banking Law, a “creditor” is defined as: “(A) any person to whom a debt is owed by a consumer debtor and such debt results from a transaction occurring in the ordinary course of such person’s business, or (B) any person to whom such debt is assigned” (Conn Gen Stat Ann § 36a-645 [2]). We note that defendant effectively refuted plaintiff’s claim that it was a “creditor” by asserting, in the papers it submitted to the District Court, that it had been representing its client when it had made phone calls to plaintiff seeking to recover money allegedly due from plaintiff to its client.
Under Connecticut law, telephone contacts, standing alone, are generally considered jurisdictionally insufficient to establish long-arm jurisdiction over a foreign defendant, unless the defendant by those means purposefully avails itself of the benefits and protections of Connecticut’s laws (see Green v Simmons, 100 Conn App 600, 605, 919 A2d 482, 486 [2007]; see also Walshon v Ballon Stoll Bader & Nadler, P.C., 121 Conn App 366, 996 A2d 1195 [2010]). Since there was no evidence (1) that defendant had had any physical presence in Connecticut, had derived any income from Connecticut, had promoted its services in Connecticut, or had solicited business in Connecticut (see Ryan v Cerullo, 282 Conn 109, 114, 918 A2d 867, 871-872 [2007]); (2) that it had derived any benefits from its telephone calls to plaintiff; or (3) that it had sought the benefits and protections of Connecticut’s laws, we conclude that the District Court correctly found that defendant had not engaged in sufficient purposeful activity in Connecticut to be subject to jurisdiction under the transaction of business branch of Connecticut’s long-arm statute (see Conn Gen Stat Ann § 52-59b [a] [1]). In light of this conclusion, we do not reach the second prong of the inquiry, as to whether Connecticut’s assertion of jurisdiction over defendant comported with principles of due process under federal constitutional law. We further note that plaintiff did not seek to premise jurisdiction on the tort branch of the Connecticut long-arm statute (see Conn Gen Stat Ann § 52-59b [a] [2]), and thus we do not pass upon such basis for jurisdiction.
Based on the foregoing, we find that the District Court properly denied plaintiff’s motion for summary judgment in lieu of complaint and granted defendant’s cross motion to dismiss plaintiff’s action to domesticate the Connecticut default judgment.
*43 Accordingly, the order is affirmed.
Iannacci, J.P., Tolbert and Garguilo, JJ., concur.