■ DAVID NEWMAN & ASSOCIATES, P. C., Respondent, v ANTHONY J. NATOLI, Appellant. [673 NYS2d 191] —In an action to enforce a judgment entered in the State of Maryland, the defendant appeals from an order of the Supreme Court, Nassau County (Lockman, J.), entered May 2, 1997, which granted the plaintiff's motion for summary judgment and denied his cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In this action, the plaintiff seeks to enforce a judgment entered May 31, 1995, in the Circuit Court for Charles County, Maryland, on the defendant's default in answering the complaint. The defendant asserts that the Maryland court did not have long-arm jurisdiction over him, and that, accordingly, the courts of this State cannot enforce the Maryland judgment.

"New York courts will not enforce a judgment of a sister State where it is shown that the State in which the judgment was entered did not have jurisdiction over the defendant" (*City Fed. Sav. Bank v Reckmeyer*, 178 AD2d 503). "Determining whether a court properly asserted jurisdiction over a defendant requires a two-pronged analysis. The court must determine whether the requirements of [the sister State's] long-arm statute were satisfied and whether the exercise of jurisdiction comports with principles of due process under Federal constitutional law" (*City Fed. Sav. Bank v Reckmeyer, supra*, at 504).

Maryland's long-arm statute confers jurisdiction over any person based on a cause of action arising from any act enumerated in section 6-103 (b) of the Public General Laws of Maryland (Md Stat Annot § 6-103). Under Maryland law, a court may exercise personal jurisdiction over a person, who directly or by an agent "[t]ransacts any business or performs any character of work or service in the State" (Md Stat Annot § 6-103 [b] [1]). Clearly, the plaintiff's cause of action arose as a result of work the defendant performed in Maryland. Thus, Maryland properly asserted long-arm jurisdiction over the defendant.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Krausman, Goldstein and Luciano, JJ., concur.